UNITED STATES of America, Appellee.

v.

Rafael CASTRO-AYON, Appellant.

No. 75-3508.

United States Court of Appeals, Ninth Circuit.

June 8, 1976.

**1056**

L. Kevin Mineo (argued), San Diego, Cal., for appellant.

Bruce Castetter, Asst. U.S. Atty. (argued), Terry J. Knoepp, U. S. Atty., on the brief, San Diego, Cal., for appellee.

Before SMITH * and GOODWIN, Circuit Judges, and WILLIAMS,** District Judge.

GOODWIN, Circuit Judge:

Rafael Castro-Ayon appeals his conviction for violating 8 U.S.C. § 1324 and 18 U.S.C. § 371 (inducing illegal immigration, transporting illegal immigrants, and conspiracy). He challenges the admission of "prior inconsistent statements" of witnesses and an instruction allowing the jury to use this testimony as substantive evidence of guilt. We affirm.

On August 29, 1975, a border patrol agent stopped a van carrying eleven illegal aliens, including the driver. The van was registered to Castro-Ayon, a United States citizen residing in Richmond, California. The aliens were taken to the Chula Vista Border Patrol Station where Agent Pearce advised them of their "Miranda" rights, placed them under oath and interrogated them. The interrogation was tape-recorded.

At the trial, three of the aliens were called by the government and were asked questions about Castro-Ayon. These witnesses all tended to exculpate him. The prosecutor thereupon asked foundation questions for impeachment. Each witness admitted that she had made a statement to Agent Pearce shortly after she was arrested. The prosecutor next called Agent Pearce. Pearce testified to the substance of the prior statements all of which were inconsistent with the testimony that the witnesses had given in court. Castro-Ayon objected to the admission of this evidence.

At the close of the trial, the court instructed the jury to weigh the prior inconsistent statements of the witnesses, not only in testing the credibility of the witnesses, but also in considering the defendant's guilt.

Historically, courts have limited the use of "prior inconsistent statements" of witnesses to impeachment of the witnesses' credibility. Most circuits have excluded prior inconsistent statements when offered as substantive evidence. *United States v. Lester,* 491 F.2d 680 (6th Cir.1974); *United States v. Eaton,* 485 F.2d 102 (10th Cir. 1973); *Subecz v. Curtis,* 483 F.2d 263 (1st Cir.1973); *United States v. Small,* 443 F.2d 497 (3d Cir.1971); *Byrd v. United States,* 119 U.S.App.D.C. 360, 342 F.2d 939 (1965); *Century Indemnity Co. v. Serafine,* 311 F.2d 676 (7th Cir.1963). Our own court has long held this view. *Kuhn v. United States,* 24 F.2d 910 (9th Cir.1928); *Isaac v. United States,* 431 F.2d 11 (9th Cir.1970).

---

* The Honorable J. Joseph Smith, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** The Honorable Spencer Williams, United States District Judge for the Northern District of California, sitting by designation.

We recently underscored our adherence to the "orthodox rule" that prior inconsistent statements were admissible only for purposes of impeachment. *United States v. Tavares,* 512 F.2d 872 (9th Cir.1975). Except where independent grounds exist for their admission, such statements have been excluded, for all but their impeachment value, by the hearsay rule. *See, e. g., Wheeler v. United States,* 382 F.2d 998 (10th Cir. 1967).

The new Federal Rules of Evidence have changed the hearsay rule. Some prior statements are now admissible for their substantive value as well as for impeachment. Fed.R.Evid. 801(d)(1), 88 Stat. 1938 (1975).

The new rule defines a statement as "not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is (A) inconsistent with his testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding * * * *".1

The statements Agent Pearce recorded satisfy the conditions of rule 801(d)(1) if the interrogation of the smuggled aliens constituted a "trial, hearing, or other proceeding". Certainly, interrogation by Agent Pearce was not a trial or hearing. But was it an "other proceeding"?

The term "other proceeding" does not, in itself, reveal its own dimension. But reference to the legislative history [2] helps define the term. The original version of rule 801(d)(1), drafted by the Advisory Committee and passed by the Senate, would have allowed substantive use of *any* prior inconsistent statement. The House of Representatives, however, passed a much more restrictive version of the rule: The House version allowed substantive admissibility only if the prior inconsistent statement was (1) given under oath; (2) subject to prosecution for perjury; (3) subject to cross-examination; and (4) given in a trial or hearing, or in a deposition.

The conference committee reported out a compromise version which purported to adopt the Senate version; but an "amendment" added the requirements that the prior statement be (1) given under oath; (2) subject to prosecution for perjury; and (3) given in a "trial, hearing, or other proceeding". The compromise version passed both houses of Congress. 88 Stat. 1938 (1975).

■ By not requiring the prior statement to be subject to cross-examination and by adding the term "other proceeding" to the limitation of "trial or hearing", the conference committee allowed admission of prior inconsistent statements given before a grand jury.[3] The committee consciously intended to include grand-jury proceedings within the ambit of "other proceedings."[4]

Our reading of the legislative history leads us to the conclusion that Congress intended the term "other proceeding" to include the immigration interrogation held by Agent Pearce.

1. The term "prior inconsistent statement" as used in the remainder of this opinion shall mean a prior inconsistent statement made by a declarant who later testifies at the trial or hearing and is subject to cross-examination concerning the statement. The issues in this case involve the circumstances of the prior statement, not the circumstances of introducing the statement into evidence at trial.

2. The legislative history is found in the committee reports to Congress. S. Rep. No. 93–1277, 93rd Cong., 2d Sess. (Note to Rule 801(d)(1)(A)) (1974); H. Rep. No. 93–650, 93rd Cong., 2d Sess. (Note to Rule 801(d)(1)) (1974); H. Rep. No. 93–1597, 93rd Cong., 2d Sess. (Note to Rule 801(d)(1)(A)) (1974) (Conference Committee). The pertinent parts of these reports are reprinted in U.S.C.A. The Federal Rules of Evidence and in 4 U.S. Code Cong. and Adm. News pp. 7062, 7086, 7104 (1974).

3. "The rule as adopted covers statements before a grand jury." H. Rep. No. 93–1597, 93rd Cong., 2d Sess. (Note to Rule 801(d)(1)(A)) (1974), *reprinted in* U.S.C.A. The Federal Rules of Evidence and in 4 U.S. Code Cong. and Adm. News 7104 (1974).

4. See note 3. We also note that the rule in the Second Circuit, which excepted from the exclusions of the orthodox rule statements made before a grand jury, was known to the conferees. *See* H.Rep. No. 93–650, *supra,* note 2.

First, we note that Congress intended the term "other proceeding" to extend beyond grand jury proceedings. If the conference committee had intended to limit the reach of this rule to grand-jury proceedings, words were at hand to do so; the choice of the open-ended term "other proceedings" was intentional.

The conference committee adopted the Senate version with some limiting amendments. It could have chosen the House version and deleted some of its restrictions. We are impressed by the spirit of the unamended version, especially where the limitation deliberately uses an open-ended term like "other proceeding".

Second, we note that the immigration proceeding before Agent Pearce bears many similarities to a grand-jury proceeding: both are investigatory, ex parte, inquisitive, sworn, basically prosecutorial, held before an officer other than the arresting officer, recorded, and held in circumstances of some legal formality. Indeed, this immigration proceeding provides more legal rights for the witnesses than does a grand jury: the right to remain totally silent, the right to counsel, and the right to have the interrogator inform the witness of these rights.[5]

■ We do not hold, as the question is not before us, that every sworn statement given during a police-station interrogation would be admissible. While this immigration proceeding bears many similarities to the station-house interrogation, we believe that it qualifies as an "other proceeding" within the meaning of the statute.

Castro-Ayon relies heavily on *United States v. Tavares,* 512 F.2d 872 (9th Cir. 1975). There, before the new rules of evidence had become effective, we underscored our adherence to the "orthodox rule" that prior inconsistent statements were not admissible except for impeachment purposes. In discussing the prior law, we characterized rule 801(d)(1) as reflecting the orthodox rule with an exception for statements given during a prior judicial proceeding. While the new rule clearly does allow statements made in prior judicial proceedings to be received as exceptions to the hearsay rule, there was nothing before the court in the *Tavares* case which required a definition of "other proceedings". Accordingly, we are not precluded from examining the matter afresh now that the question is before us.[6] Congress has changed the law.

■ The trial court committed no error in receiving the challenged evidence, and correctly instructed the jury that it could consider the evidence upon the substantive issues in the case.

Other assignments of error were briefed and argued, but none requires a comment. One bit of inadmissible hearsay came into the record with reference to one count, but in view of the concurrent sentences, it is not necessary to notice the error.

Affirmed.

---

5. *See United States v. Mandujano,* ——— U.S. ———, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976).

6. A grand-jury proceeding is not technically a "judicial proceeding". Neither are administrative hearings, which would arguably be covered by the term "trial, hearing, or other proceeding".