404 So.2d 824 (1981)
Duane Hubert DENNY, Appellant,
v.
STATE of Florida, Appellee.
No. XX-138.
District Court of Appeal of Florida, First District.
October 13, 1981.
*825 Charles A. Wade, Fort Walton Beach, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Denny appeals his conviction for first degree murder. He alleges error in the use of certain photographs, in an alleged improper closing argument by the prosecutor, and in the playing to the jury of a tape recording of a statement made to the police by a witness the day of the crime. Denny did not dispute the allegations that he shot and killed the victim. Instead his defense was that he was intoxicated at the time and had no premeditated intent to kill the victim. He contends that the jury would not have convicted him of "anything higher than second degree murder" but for the alleged errors in the trial. We find no error, and, therefore, affirm.
Denny argues that photographs of the victim taken at the morgue should not have been admitted, contending that the state breached discovery rules because a police officer allegedly broke a pretrial promise to send the defense lawyer a copy of any such photographs that might be printed. It is undisputed that the existence of the photographs (or negatives) was properly disclosed long before trial and that they were continuously available for inspection or copying by the defense. Fla.R. Crim.P. 3.220(1)(xi). However, the defense attorney never contacted the prosecutor to exercise his right to copy or inspect. Therefore, Denny has not demonstrated that the state violated the rules of discovery. See Floyd v. State, 361 So.2d 802 (Fla.3d DCA 1978).
The claim that the State's closing argument was improper is also without merit. In his closing comments, the defense counsel argued that Denny lacked the ability to form the intent to kill on the night of the crime. In rebuttal, the prosecutor reminded the jury about statements made that night by Denny that he was going to kill Wellman, and the prosecutor *826 recounted that Denny had the mental acuity to find a gun and shells, locate Wellman, and shoot him. Denny claims this was improper rebuttal because it went beyond the scope of defense closing argument and deprived the defense of an opportunity to respond. However, the prosecutor's remarks were directed at the issue of premeditation, which was the focus of the defense argument.
We also find no error in the prosecutor playing for the jury a tape recorded statement made by state witness Linda Denny, the appellant's former wife, shortly after the killing. In an effort to rehabilitate Linda after she was impeached by the defense, the prosecutor attempted to introduce a written copy of her statement. The defense attorney objected but told the court: "You can bring the officer in and question him on it and if he says that's all she said, Your Honor, I'll have no objection." With the officer on the stand and the prosecutor again attempting to introduce the written statement, the defense attorney objected but then suggested he would not object "(i)f he (the officer) could testify that this was every word she said which I'll ask him a question on that now, if Your Honor wants me to." Eventually, defense counsel objected on the grounds that he was not present at the taping and was thereby denied his right of cross-examination. Finally, in an apparent attempt to allay defense fears that the written statement might be incomplete, the judge ordered the tape played before the jury. Neither at trial nor in this appeal has Denny objected to the statement on the ground of improper impeachment.
Under proper circumstances, prior consistent statements of a witness are admissible to rehabilitate his trial testimony when that testimony has been impeached by his prior inconsistent statements. See § 90.801(2)(b), Fla. Stat.(1979); see generally Kellam v. Thomas, 287 So.2d 733 (Fla. 4th DCA 1974) and authorities cited therein. It is not a requirement of admissibility that defense counsel be present at the time of the prior consistent statement. However, certain portions of Linda Denny's statement were prejudicial and unrelated to rehabilitative purposes. But because the record does not indicate any attempt by defense counsel to excise this extraneous material, he cannot now complain. At trial, defense objections regarding the authenticity and completeness of the written statement encouraged the judge to order the tape played in its entirety for the jury. We cannot permit an appellant to argue an error he precipitates.
Accordingly, judgment of the trial court is AFFIRMED.
ROBERT P. SMITH, Jr., Chief Judge, and LARRY G. SMITH, J., concur.