426 So.2d 1033 (1983)
Bobby Wayne WEBB, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1481.
District Court of Appeal of Florida, Fifth District.
January 19, 1983.
Rehearing Denied February 25, 1983.
Chandler R. Muller, of Muller & Kirkconnell, P.A., Winter Park, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Webb appeals from his convictions and judgments for sexual battery upon a child under eleven years of age[1] and for lewd assault upon a female child under the age of fourteen.[2] He raises numerous points on appeal which we find are without merit. However, his major argument raises an issue not yet addressed by Florida courts: whether his convictions should be reversed because they were based primarily upon the testimony of the child victim (Webb's step-daughter) given before a grand jury, which she later recanted at trial. We affirm the convictions.
Before the grand jury, the child testified the sexual battery and assault had taken place. There was other corroborating evidence at trial, but were it not for this grand jury testimony, the State concedes the evidence would not be sufficient to sustain Webb's convictions.
Following the grand jury indictment, the child and her mother recanted their grand jury testimony in depositions taken by defense counsel. The child admitted in the deposition that her mother told her, if she disclaimed her testimony and said nothing had happened, the stepfather would be released from jail and the family would be together again.
The State moved to have the grand jury testimony transcribed, and it informed *1034 Webb it intended to use the grand jury testimony as substantive evidence pursuant to the Florida Evidence Code, section 90.801(2)(a), Florida Statutes (1979). This is a new provision in Florida. It provides:
A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is: (a) inconsistent with his testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition... .
The defense moved to exclude the substantive effect of the testimony on the ground its admission and consideration by the jury would deprive him of his right to confront witnesses against him.[3] The trial court denied the motion.
At trial the child and mother both testified the battery and assault never happened. The child claimed she lied before the grand jury, and she said she told her teacher and minister she had lied. They corroborated her denials. Following the child's testimony, the State published the child's entire grand jury testimony. The defense objected on the right of confrontation ground, and was overruled.[4]
The child's grand jury testimony was clearly relevant and material, and it should have been admissible if not barred by a constitutional right or a statute or a rule of evidence. The Federal Constitution as interpreted by the U.S. Supreme Court in California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), presents no bar to this testimony. Green held that a prior inconsistent statement was admissible as substantive evidence if the witness who made the statement is available in court for cross-examination in the proceeding in which the prior statement is admitted. We are unaware of any contrary decisions under our Florida Constitution.
The old rule in Florida which barred the use of a prior inconsistent statement for substantive purposes, but allowed it for impeachment purposes, was based on the Florida courts' characterization of such evidence as hearsay. See the cases cited in Smith v. State, 379 So.2d 996 (Fla. 5th DCA 1980). But the Evidence Code changed many of these common law rules. Section 90.801(2)(a) states that a prior inconsistent statement is not hearsay if the person making the statement testifies at trial and is subject to cross-examination, under certain conditions. Out of court statements which would not have been admissible before, or would not have been admissible as substantive evidence, now clearly are admissible as substantive evidence under the Code.[5]
Webb argues finally that the grand jury testimony does not qualify under section 90.801(2)(a) as testimony given under oath "at a[n] ... other proceeding... ." This wording of section 90.801(2)(a) is virtually identical to the Federal Rule 801(d)(1)(A),[6] which has been construed by *1035 the federal courts to include grand jury proceedings.[7] Indeed, the legislative history of Federal Rule 801(d)(1)(A) virtually dictates this construction.[8] We see no reason not to adopt the same view for Florida's Rule 90.801(2)(a).[9]
Accordingly, the judgment appealed is
AFFIRMED.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.
NOTES
[1] § 794.011(2), Fla. Stat. (1981).
[2] § 800.04, Fla. Stat. (1981).
[3] U.S. Const. amend. VI; Art. I, § 16, Fla. Const.
[4] Webb argues the admission of the entire transcript of the child's grand jury testimony was improper. However, by failing to make a contemporaneous objection, Webb has waived this issue on appeal. Castor v. State, 365 So.2d 701 (Fla. 1978); Denny v. State, 404 So.2d 824 (Fla. 1st DCA 1981). Webb also argues the child had such a severe memory lapse, the admission of her grand jury testimony deprived him of his right of cross-examination. However, the record shows no memory lapse. The child testified her grand jury testimony was false. Further, Webb also failed to make a contemporaneous objection on this ground at trial.
[5] See Brown v. State, 413 So.2d 414 (Fla. 5th DCA 1982) (prior inconsistent out of court identification made after perceiving the defendant admissible as substantive evidence if the witness testifies at trial, pursuant to section 90.801(2)(c), Florida Statutes (1981)); Denny v. State, 404 So.2d 824 (Fla. 1st DCA 1981) (prior consistent statement meeting the requirements of section 90.801(2)(b) admissible to rehabilitate trial testimony which has been impeached by prior inconsistent statement).
[6] which are not hearsay. A statement is not hearsay if 
(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony, and was given under oath subject to the penalty of perjury at trial, hearing, or other proceeding, or in a deposition... .
Fed.R.Evid. 801(d)(1)(A).
[7] United States v. Mosley, 555 F.2d 191 (8th Cir.1977), cert. denied, 434 U.S. 851, 98 S.Ct. 163, 54 L.Ed.2d 120 (1977); United States v. Blitz, 533 F.2d 1329 (2d Cir.1976); United States v. Castro-Ayon, 537 F.2d 1055 (9th Cir.1976).
[8] legislative history of Rule 801 clearly establishes that statements made before a grand jury are within the scope of the rule. The original version of Rule 801(d)(1)(A), as passed by the Senate, placed no restrictions on the conditions under which the prior statement was made. The House version, however, required that the prior statement be subject to cross-examination and be given in a "trial, hearing, or in a deposition." In conference a compromise was reached to include grand jury testimony. The cross-examination requirement was deleted and the phrase "other proceeding" was added. As stated in United States v. Castro-Ayon, 537 F.2d 1055, 1057 (9th Cir.1976), these changes represented a conscious choice "to include grand jury proceedings within the ambit of `other proceedings.'" This conclusion is supported by the Conference Committee Report which expressly states, "The rule as adopted covers statements before a grand jury." H.Rep. No. 93-1597, 93d Cong., 2d Sess. (1974), reprinted in [1974] 4 U.S.Code Cong. & Adm.News pp. 7098, 7104.
United States v. Mosley, 555 F.2d 191, 193 (8th Cir.), cert. denied, 434 U.S. 851, 98 S.Ct. 163, 54 L.Ed.2d 120 (1977).
[9] Section 90.103, Florida Statutes (1981), states unequivocally that the Code applies in criminal proceedings unless otherwise provided by statute, and none has been cited to us providing otherwise.