455 So.2d 481 (1984)
James Dennis ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-930.
District Court of Appeal of Florida, Fifth District.
August 9, 1984.
Rehearing Denied September 7, 1984.
*482 James B. Gibson, Public Defender, and Cynthia Karl-Stamm, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
James D. Robinson appeals from his conviction for grand theft of a motor vehicle. At issue is whether a statement given by a witness during a police interrogation, which is inconsistent with the witness' trial testimony, may be introduced at trial as substantive evidence.
At Robinson's trial, Tim Dolanski testified that he was awakened by his mother at about 2:00 a.m. on the morning of September 2, 1982, and observed two men trying to steal his motorcycle from the sidewalk in front of his house. Dolanski yelled at the men and they took off, one on foot and the other in a truck. The man on foot headed for a cul de sac at the end of the street which was surrounded by water and wetlands. After a few minutes, Dolanski's mother saw the man walk back past the house toward the other end of the street.
The police were notified and Robinson was stopped while walking down a nearby residential street. Dolanski and his mother, upon viewing Robinson, stated that they thought he was one of the thieves.
William Lesiak was stopped a short time later while driving a truck which matched a description of the one involved in the incident. He was questioned and gave a sworn statement to the police, implicating himself and Robinson in the crime. However, at trial, he testified that while he and Robinson were in the neighborhood when the crime occurred, they did not try to steal the motorcycle. The state, over Robinson's objection, introduced Lesiak's sworn statement as substantive evidence.
Section 90.801, Florida Statutes (1983), provides in relevant part as follows:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(a) Inconsistent with his testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition.
Prior inconsistent statements which meet the requirements of this section are now excluded from the definition of hearsay and are admissible as substantive evidence. Diamond v. State, 436 So.2d 364 (Fla. 3d DCA 1983); Webb v. State, 426 So.2d 1033 (Fla. 5th DCA 1983); State v. Moore, 424 So.2d 920 (Fla. 4th DCA 1983), approved, Moore v. State, 452 So.2d 559 (Fla. 1984). The question here is whether Lesiak's prior inconsistent statement was "given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition." Lesiak did testify at trial and was subject to cross-examination concerning the statement, thus satisfying the first part of the statute.
A statement not given under oath is inadmissible under section 90.801(2)(a) as substantive evidence. Mazzara v. State, 437 So.2d 716 (Fla. 1st DCA 1983) (statement given to FBI agents during interrogation); Starchk v. Wittenberg, 411 So.2d 1000 (Fla. 5th DCA 1982) (statement given during administrative investigation). In the present case, the statement given by Lesiak to the police was sworn to by him and notarized. It was therefore given under oath and Lesiak was subject to the penalty of perjury under section 837.012, Florida Statutes (1983).[1]See generally *483 Schramm v. State, 374 So.2d 1043 (Fla.3d DCA 1979). The remaining question is whether a police interrogation, which is not "a trial, hearing, or ... deposition" comes within the phrase "other proceeding" as used in section 90.801(2)(a).
It is well established that under the statute, "other proceeding" includes grand jury proceedings. Webb v. State; Moore v. State. In addition, in Diamond v. State, the Third District, without specifically addressing this point, held that an inconsistent statement given under oath to a state attorney was admissible as substantive evidence under the statute.[2] Be that as it may, there are no cases in Florida dealing with whether a police interrogation may qualify as an "other proceeding." However, since the wording of section 90.801(2)(a) is virtually identical to Federal Rule of Evidence 801(d)(1)(A), reference may be made to cases decided under that rule to assist on this point. See Webb v. State, 426 So.2d at 1034-35.
One of the few cases even remotely on point is United States v. Castro-Ayon, 537 F.2d 1055 (9th Cir.1976). There, the Ninth Circuit held that a tape recorded statement made under oath in an immigration interrogation was admissible as substantive evidence. The court found that an immigration interrogation was an "other proceeding" under the federal rule. Its conclusion derived from the fact that Congress intended the term "other proceeding" to be openended and not restricted to grand jury proceedings and that immigration interrogations bear many similarities to grand jury proceedings.[3] The court did note, however, that "[w]e do not hold, as the question is not before us, that every sworn statement given during a police station interrogation would be admissible." 537 F.2d at 1058.
Recently, the supreme court of the state of Washington, in State v. Smith, 97 Wash.2d 856, 651 P.2d 207 (1982), addressed the issue of admissibility of prior inconsistent statements which are given to the police.[4] That case involved a written statement given by an assault victim to the police wherein she implicated the defendant as her assailant. The statement was signed under oath with penalty of perjury before a notary. At trial, however, the victim claimed that her assailant was someone else. The supreme court held that the written statement was admissible as substantive evidence to identify the perpetrator of the assault. In considering whether the statement was given "at a trial, hearing, or other proceeding", the court declared:
We likewise decline to answer the issue broadly. We do not interpret the rule to always exclude or always admit such affidavits. The purposes of the rule and the facts of each case must be analyzed. In determining whether evidence should be admitted, reliability is the key. In many cases, the inconsistent statement is more likely to be true than the testimony at trial as it was made nearer in time to the matter to which it relates and is less likely to be influenced by factors such as fear or forgetfulness. One commentator has addressed the question of admissibility as follows:
Inquiry into what other statements are encompassed by the Rule should be informed by the two purposes Congress had in mind in narrowing the *484 provision originally proposed by the Court. The first was to remove doubt as to the making of the prior statement... . The second purpose was to provide at least the minimal guarantees of truthfulness which an oath and the circumstance of a formalized proceeding tend to assure. Clearly, however, the prior statement need not have been subject to cross-examination at the time made, for Congress was satisfied to rely upon delayed cross-examination of the declarant at trial to expose error or falsehood in the statement.
(Footnotes omitted.) D. Louisell & C. Muller, supra § 419, at 169-71.
651 P.2d at 210 [footnotes omitted].
In considering the issue of reliability, the court found that there was no question that the statement was made since the victim admitted at trial to making it and that minimal guarantees of truthfulness existed since the statement was attested to before a notary, under oath and subject to penalty for perjury. In addition, the court noted that the victim wrote out the statement in her own words.
Unlike a trial, hearing, grand jury proceeding or even immigration interrogation, a formalized proceeding is not presented in a police interrogation context and it is this, along with the oath, which tends to assure the trustworthiness of the statement. It is difficult to believe that Congress, in enacting Rule 801(d)(1)(A) or our legislature, in passing section 90.801(2)(a) intended police questioning, such as occurred here, to be equated with a trial or grand jury proceeding.
While under some circumstances, as in State v. Smith, a police interrogation may qualify as an "other proceeding", such circumstances are not present here. Lesiak was detained by the police for questioning, was apparently promised leniency and then gave his statement implicating Robinson. The record reveals that a police officer helped Lesiak write the statement and Lesiak claimed at trial that the contents of the statement were dictated to him.
Given the setting under which the statement was made and its questionable reliability, we conclude that the prior inconsistent statement did not comply with section 90.801(2)(a) and hence was not admissible as substantive evidence. We therefore reverse and remand for a new trial.
REVERSED and REMANDED for new trial.
COBB, C.J., and ORFINGER, J., concur.
NOTES
[1] Section 837.012(1) entitled "Perjury when not in an official proceeding" provides as follows:

Whoever makes a false statement, which he does not believe to be true, under oath, not in an official proceeding, in regard to any material matter shall be guilty of a misdemeanor of the first degree, punishable as provided in s.775.082, s.775083, or s. 775084.
[2] It should be noted that in Diamond v. State, the prior statement was one which exculpated rather than inculpated the defendant who tried unsuccessfully at trial to have it admitted as substantive evidence.
[3] The court noted that both immigration and grand jury proceedings are investigatory, exparte, inquisitive, sworn, held before an officer other than the arresting officer, recorded, and held in circumstances of some legal formality. 537 F.2d at 1058.
[4] Washington's rule regarding admissibility of prior inconsistent statements was taken verbatim from Federal Rule of Evidence 801(d)(1)(A) and hence is virtually identical to section 90.801(2)(a).