497 So.2d 1199 (1986)
STATE of Florida, Petitioner,
v.
Mario DELGADO-SANTOS, Respondent.
No. 67419.
Supreme Court of Florida.
October 30, 1986.
Rehearing Denied December 22, 1986.
Jim Smith, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., Miami, for petitioner.
Arthur Carter and John H. Lipinski, Sp. Asst. Public Defenders, Miami, for respondent.
OVERTON, Justice.
This is a petition to review Delgado-Santos v. State, 471 So.2d 74 (Fla.3d DCA 1985), in which the district court reversed the trial court for admitting as substantive evidence a prior inconsistent statement made by respondent's alleged accomplice during a police interrogation. We find conflict with Robinson v. State, 455 So.2d 481 (Fla. 5th DCA 1984). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue requires interpretation of section 90.801(2)(a), Florida Statutes (1981), to determine whether this provision of our evidence code permits admission, as substantive evidence at trial, of a trial witness's prior inconsistent statement made during police interrogation. Prior to the evidence code's adoption in 1978, such evidence was inadmissible. See Tomlinson v. Peninsular Naval Stores Co., 61 Fla. 453, 55 So. 548 (1911). The evidence code, under section 90.801(2)(a), now permits such prior inconsistent statements that are "given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition."
In the instant case, the district court thoroughly reviewed this provision's history and its construction and interpretation by other courts. In accordance with the holding of courts in other jurisdictions and the view of commentators addressing the identical provision, the district court determined that a police interrogation was not intended to be an "other proceeding." We approve the district court decision and adopt its opinion as our own. In so doing we disapprove Robinson.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, EHRLICH, SHAW and BARKETT, JJ., concur.