509 So.2d 1105 (1987)
Billy Joe KIRKLAND, Petitioner,
v.
STATE of Florida, Respondent.
No. 69656.
Supreme Court of Florida.
July 16, 1987.
*1106 Michael E. Allen, Public Defender, Second Judicial Circuit, and Ann Cocheu, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Justice.
We review Kirkland v. State, 495 So.2d 831 (Fla. 1st DCA 1986), as being in direct conflict with State v. Delgado-Santos, 497 So.2d 1199 (Fla. 1986). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
Ms. Bass was badly beaten in her apartment. Thereafter, she gave a sworn complaint to the police that Kirkland was the assailant. When called by the state to testify at the trial, she denied remembering the facts as set forth in the complaint, and she was declared an adverse witness. Over Kirkland's objection, her sworn complaint was received in evidence under section 90.801(2)(a), Florida Statutes (1985), for purposes of impeachment and as substantive evidence. The jury found Kirkland guilty of burglary with an assault.
In deciding if the complaint was admissible as substantive evidence, the district court of appeal considered whether the sworn statement was executed at an "other proceeding" within the meaning of section 90.801(2)(a), which reads:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(a) Inconsistent with his testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition;
The court declined to adopt the bright line rule of Delgado-Santos v. State, 471 So.2d 74 (Fla. 3d DCA 1985), which held that no process of police questioning could qualify as a proceeding under the statute. Rather, the court held that a sworn statement given to the police could under some circumstances be admitted where it was shown to be reliable. The court concluded that Ms. Bass' statement which was given by her in the hospital on the day following the assault was sufficiently reliable to qualify as one given in an "other proceeding."
This holding is directly contrary to our recent opinion in State v. Delgado-Santos in which we approved the bright line rule of the Third District Court of Appeal in Delgado-Santos v. State. At the same time we disapproved the rationale of Robinson v. State, 455 So.2d 481 (Fla. 5th DCA 1984), upon which the district court had relied to affirm Kirkland's conviction. We reiterate that a police investigation is not an "other proceeding" as contemplated by section 90.801(2)(a), Florida Statutes (1985). Accord Tisdale v. State, 498 So.2d 1280 (Fla. 4th DCA 1986). Therefore, the fact that Ms. Bass' statement may have been more reliable than the one given by the defendant's accomplice in State v. Delgado-Santos is irrelevant.
We quash the decision below and remand for further proceedings.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.