PETERSON, Judge.
Timothy Thomas appeals a judgment convicting him of possession of a firearm by a felon. We reverse because the record does not contain any substantive evidence that Thomas had prior possession of the firearm that discharged during an altercation.
Thomas participated in a dice game in which Reggie Lawrence was also a player. Lawrence became hostile and began pushing Thomas on the chest. At first Thomas attempted to walk away, but a fight ensued during which Lawrence was shot.
During the trial, none of the witnesses testified that Thomas possessed or produced the gun that mortally wounded Lawrence during the fight. A witness did testify that Lawrence was known to carry a gun at all times.
The state impeached two of the witnesses by confronting them with transcripts of taped police interviews during which the witnesses identified Thomas as the one who produced the gun. These two witnesses testified at trial that they could not tell who produced the gun during the fight. One of the witnesses testified that Thomas had a gun earlier on the day of the fight, but he later revealed that he never really saw the gun. Instead, he assumed Thomas had a gun because something heavy was in Thomas’ pocket that caused the cloth of the pocket to swing as he walked.
The only statements that supported Thomas’ possession of a gun were those given during the police interview, the transcripts of which were used to impeach the two witnesses. The state asserts that prior inconsistent statements qualify as substantive evidence of prior identification pursuant to section 90.801(2)(c), Florida Statutes (1995). The state’s argument is confusing. None of the witnesses’ testimony ever raised the issue of identification of Thomas as the participant in the fight with Lawrence. The inconsistency is with respect to their out-of-court and in-court statements regarding Thomas’ possession of a firearm. In Delgado-Santos v. State, 471 So.2d 74 (Fla. 3d DCA 1985), aff'd, 497 So.2d 1199 (Fla.1986), the court analyzed section 90.801(2)(a), Florida Statutes, permitting prior inconsistent statements to be used as substantive evidence rather than solely for impeachment purposes if “given under oath ... at a trial, hearing, or other proceeding or in a deposition,” and determined that a police interrogation was not a “proceeding” under section 90.801(2)(a) so as to permit a trial witness’ inconsistent statement made during a police interrogation to be admitted as substantive evidence. See also J.J.H. v. State, 651 So.2d 1239 (Fla. 5th DCA 1995) (prior statement of an alleged eye witness made during a police interrogation that she saw defendant break into the victim’s residence was not made in an “other proceeding” and was not admissible under section 90.801(2)(a)). Therefore, there was no evidence that Thomas possessed a gun going into the fight with Lawrence because the statements given during the witnesses’ interviews could not qualify as substantive evidence.
We vacate the judgment and sentence for conviction of possession of a firearm by a felony because the evidence is legally insufficient to support a finding of guilt of that crime. Tibbs v. State, 397 So.2d 1120 (Fla.), cert. granted, 454 U.S. 963, 102 S.Ct. 502, 70 L.Ed.2d 378 (1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
REVERSED.
DAUKSCH and GOSHORN, JJ., concur.