993 So.2d 1108 (2008)
S.L., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-4868.
District Court of Appeal of Florida, Fourth District.
October 8, 2008.
*1109 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
S.L. appeals her adjudication of delinquency for simple assault on the grounds that the trial court erred by allowing the state to prove its case exclusively through the mother's prior inconsistent statements. We reverse.
On the evening of September 27, 2006, S.L. and her mother engaged in a heated argument in their living room concerning S.L.'s purchase of a motor vehicle. Following the argument, S.L. stayed in the living room and her mother went to her bedroom. While in her bedroom, the mother heard a crash. She returned to the living room, where she discovered that S.L. was gone and the coffee table was broken. S.L.'s mother immediately called the police and a Broward County Sherriff's deputy responded to the call. The deputy conducted an investigation, which resulted in S.L. being charged with criminal mischief and assault.
At trial, S.L.'s mother testified that she called the police after she returned to the living room and discovered that S.L. was gone and the coffee table was broken. When the state inquired as to whether the argument got "a little bit more than just a little hostile between you and your daughter," the mother replied that it did not. The state then asked whether S.L. threatened her. The mother stated, "No, she did not." Finally, the state asked the mother whether she told the officer that S.L. said, "You bitch, I'm going to kill you. I'm going to stab you." The mother testified, "No, I did not." The state then called the deputy as its next witness. Over defense counsel's objection, the deputy testified that the mother told him that she called the police after S.L. became very aggressive and said, "Bitch, I'm going to kill you. I'm going to stab you."
At the conclusion of the state's evidence, S.L. moved for a judgment of dismissal on both charges, arguing that there was insufficient evidence of guilt and that the mother's prior inconsistent statements could not be used as substantive evidence. The trial court granted the motion as to the criminal mischief charge but denied the motion as to the simple assault charge. Following the court's ruling, S.L. testified that she became involved in a heated argument with her mother regarding the purchase of the vehicle but that she never threatened her. S.L. admitted that she hit a figurine on the coffee table, which caused the table to shatter, but explained that she "really didn't meant [sic] to do that." At the conclusion of S.L.'s testimony, the trial court found her guilty of simple assault based solely upon the deputy's testimony.
On appeal, S.L. argues that the trial court erred in denying the motion for judgment of dismissal by improperly relying upon the mother's prior inconsistent *1110 statements as the sole basis for its finding of guilt.
The standard for reviewing a motion for judgment of acquittal, known as a motion for judgment of dismissal in juvenile proceedings, is de novo. See J.G. v. State, 915 So.2d 274, 275 (Fla. 4th DCA 2005) (citing J.P. v. State, 855 So.2d 1262, 1264 (Fla. 4th DCA 2003)).
In order to resolve this appeal, we must determine whether the statements made by S.L.'s mother to the deputy were admissible as substantive evidence. The Florida Rules of Evidence provide that prior inconsistent statements are admissible as substantive evidence if the "declarant testifies at the trial or hearing . . . subject to cross-examination regarding the statement and the statement is . . . inconsistent with the declarant's testimony given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition." § 90.801(2)(a), Fla. Stat. (2006) (emphasis added). Interpreting this provision, the Florida Supreme Court recognized that a statement given during a police investigation is not a statement given at an "other proceeding." Pearce v. State, 880 So.2d 561, 569 (Fla. 2004) (citing State v. Delgado-Santos, 497 So.2d 1199, 1199 (Fla.1986)).
Here, the deputy's testimony as to the mother's statements cannot be used to support a finding of guilt because the mother's statements to the deputy were not given under oath at a trial, hearing, or other proceeding or in a deposition. Accordingly, the trial court erred when it relied on these statements as the sole evidence supporting its finding of guilt on the assault charge.
We note that the state argues that the prior inconsistent statements are admissible as substantive evidence because they were corroborated by the deputy's testimony. In support of this contention, the state cites the child hearsay exception. See § 90.803(24) Fla. Stat. (2006). The state's reliance on the child hearsay exception, however, is misplaced, as it does not apply to the facts in this case.
We therefore reverse S.L.'s adjudication of delinquency on the simple assault charge.
Reversed.
KLEIN and HAZOURI, JJ., concur.