WOLF, J.,
Dissenting.
The alleged victim’s written statement made at the time of the incident in question was improperly admitted as a past recollection recorded pursuant to section 90.803(5), Florida Statutes (2011), where the victim failed to testify that the statement, when made, was an accurate account of what had occurred. In addition, because it is the only evidence of how the victim sustained her injuries, the admission of the statement cannot constitute harmless error.
Section 90.808(5) specifically requires that for a statement to be admitted as a past recollection recorded, the “memorandum or record concerning a matter ... [must] reflect that knowledge correctly.” The overwhelming precedent and experts in the field of evidence require that the person having recorded the statement verify the accuracy of the facts contained in the statement. See generally Charles W. Ehrhardt, Florida Evidence, § 803.5 (2011); Kimbrough v. State, 846 So.2d 540, 543 (Fla. 4th DCA 2003) (“The witness must be able to assert now that the record correctly represented his knowledge and recollection at the time of making.”) (quoting Ringgold v. State, 34 Md.App. 286, 367 A.2d 35, 36 (1976) (citing 3 J. Wigmore, Evidence §§ 734, 746(2) (Chadbourne rev. 1970)). This interpretation is consistent ■with the reason behind the exception and is consistent with the Florida Supreme Court’s application of other hearsay exceptions. Finally, while strong policy arguments may be made for easing the historic admissibility standards for past recollections recorded in the context of domestic violence cases, such matters are appropriate for the Legislature and not for this court.
1. Overwhelming Precedent Supports Requiring the Declarant to Testify As to the Accuracy of Statements Prior to Their Admission as Past Recollections Recorded
The Eleventh Circuit Court of Appeals recently addressed the admissibility of statements as past recollection recorded in U.S. v. Jones, 601 F.3d 1247 (11th Cir. 2010).
Rule 803(5) also requires that the witness verify the contents of the past statement. “The witness must be able ■now to assert that the record accurately represented his knowledge and recollec *274 tion at the time. The usual phrase requires the witness to affirm that he knew it to be true at the time.” Lopez v. United States, 373 U.S. 427, 448 n. 1, 83 S.Ct. 1381, 1393, n. 1, 10 L.Ed.2d 462 (1963) (citation and internal quotation marks omitted).
Id. at 1262.
Every case in Florida that has addressed the issue, except for the Fifth District’s opinion in Polite v. State, 41 So.3d 935 (Fla. 5th DCA 2010), rev. granted 56 So.3d 767 (Fla.2011), has rejected the concept that the accuracy of the statement at the time it was made may be proven by circumstantial evidence. See Bartholomew v. State, 101 So.3d 888 (Fla. 4th DCA 2012); Hernandez v. State, 31 So.3d 873 (Fla. 4th DCA 2010); Smith v. State, 880 So.2d 730 (Fla. 2d DCA 2004); Kimbrough, 846 So.2d 540.
2. The Traditional Approach to the Admissibility of Past Recollection Recorded is Consistent with the Reasons for Allowing the Admission of Past Recollections Recorded and the Supreme Court’s View of Admissions of Evidence Pursuant to Hearsay Exceptions
In Kimbrough, 846 So.2d at 543, Judge Warner explained the history behind the past recollection recorded hearsay exception and concluded that its purpose was to allow a witness who had a true loss of memory and who was able to swear positively that the previous statement was accurate at the time it was given be allowed to give that evidence. Under these limited circumstances, the “ ‘ends of justice’ ” would be served. Id. at 543 (quoting Ringgold, 367 A.2d at 36). As noted by the Fourth District in Bartholomew:
The requirement that the witness acknowledge the accuracy of the recorded recollection at trial is consistent with the belief that this exception is justified because the witness, who is subject to cross-examination, “incorporates into [his] testimony by reference the record of past recollection.”
101 So.3d at 892 (quoting Montano v. State, 846 So.2d 677, 681 (Fla. 4th DCA 2003)).
The purpose of the exception is not to allow the State to call “a recalcitrant witness who is seeking to avoid giving testimony favorable to the party calling the witness and is fabricating memory loss.” Charles W. Erhardt, Florida Evidence, § 803.5, 893-94 (2011). Nor is the reason for the use of the past recollection recorded exception to give the State a vehicle for improperly impeaching its own witness. Hernandez, 31 So.3d at 878-79.
The Fifth District’s focus on external factors to determine reliability is misplaced because, as the Fourth District recognized in Montano, 846 So.2d at 681-82, “[u]nlike exceptions to the rule against hearsay which derive their reliability from the circumstances that surround the making of an out-of-court statement, the reliability of a recorded recollection depends on the credibility of its maker.” (Emphasis added).
In addition, the supreme court, in a similar context, rejected the idea that a prior statement could be admitted based on some level of reliability where it did not meet the standards enumerated within the statutory hearsay exception. See State v. Delgado-Santos, 497 So.2d 1199 (Fla.1986), adopting Delgado-Santos v. State, 471 So.2d 74 (Fla. 3d DCA 1985).
3. We Should Not Apply the Fifth District’s Reasoning in Polite v. State to the Facts in This Case
As previously addressed, the Fifth District’s opinion in Polite, 41 So.3d 935, is *275 inconsistent with the well-reasoned traditional approach to admissions of statements as past recollection recorded. There are several additional reasons not to apply the Polite rationale to this case.
Most importantly, unlike this case, in Polite, the witness: 1) testified at trial to a number of the details contained in the prior statement; 2) acknowledged not only that it was the witness’s signature at the bottom of the statement, but also that the witness told police what had occurred when they arrived; and 8) there was specific independent verification of a number of the details contained in the statement. Id. at 941. None of that is present in this case. Thus, even if circumstantial evidence and reliability could be taken into account in applying the hearsay objection, the facts in Polite are far more compelling for doing so than in the instant case.
I would also note that in Polite, the court acknowledged that the issue concerning the admissibility of the past recollection recorded was not properly preserved. Id. at 989.
4. The Legislature is the Correct Branch of Government to Determine Whether Past Recollection Recorded Should be Expanded in Domestic Violence Situations
There are many valid policy arguments as to why past statements of domestic violence victims should be admissible in prosecutions of the alleged batterers. Financial and emotional pressures, the involvement of children, and threats of physical violence are but a few of the reasons why a victim would be unwilling to testify in accordance with facts related at the scene. The weighing of these policy considerations, however, and the potential expansion of the exception, should be left to the Legislature for a number of reasons.
First, and most important, we as a court are unable to draft an exception applicable to only domestic violence cases. Such a change would involve rewriting the statute. We can only do what the majority in this case is doing and what the Fifth District did in Polite: expand the exception to all cases. This expansion would be problematic. In other types of cases, policy considerations may not outweigh the traditional reasons for requiring the declarant to acknowledge the accuracy of the previous statement. The question of expansion and how broad it should be, should be up to the Legislature. See, e.g., § 90.803(23), Fla. Stat. (proscribing a hearsay exception for statements of child abuse victims).
Second, the change in the law being proposed involves complicated substantive policy questions concerning the extent criminal trials should involve the use of past statements, whether and to what extent reliability and circumstantial evidence should be considered in determining admissibility of these prior statements, and as previously stated, whether more liberal standards should only be allowed in those types of cases where obtaining live testimony may be problematic. While the courts may properly review the constitutionally of these substantive-type policy decisions made by the Legislature under traditional concepts of separation of powers, the courts should not be setting public policy. See Delgado-Santos, 497 So.2d 1199.
5. The Admission of These Statements Did Not Constitute Harmless Error
I also cannot conclude that this error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1138-1139 (Fla.1986). The test is not whether the State presented other sufficient evidence of appellant’s guilt. The test is whether we can say beyond a rea *276 sonable doubt that the error did not contribute to the conviction. Id. at 1135. While there was some evidence of the surrounding circumstances, the only evidence of how the victim actually sustained her injuries was contained in the disputed statement. Under these circumstances, I cannot say the error was harmless.