356 So.2d 342 (1978)
Glenwood PERRY and James Rushin, Jr., Appellants,
v.
STATE of Florida, Appellee.
No. HH-200.
District Court of Appeal of Florida, First District.
February 23, 1978.
Rehearing Denied April 10, 1978.
*343 Michael J. Minerva, Public Defender, Louis G. Carres, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., Richard W. Prospect, Asst. Atty. Gen., for appellee.
MILLS, Judge.
A jury convicted Perry of robbery with a firearm as charged. He contends the trial court prejudiced his right to a fair trial by denying his request to call a witness as a court witness.
Perry's codefendant, Rushin, was also charged with robbery with a firearm. However, the jury found him guilty of only robbery. He contends the trial court erred in denying his motion for judgment of acquittal.
The State adduced the following evidence at trial. Hunter, the victim was the operator of a poolroom. He saw a short man and a tall man come in the back door of the poolroom. The short man came to the counter and asked for change for two half dollars. Hunter gave him the change and the man sat down in a chair in front of the counter facing the pool tables.
Hunter sat down behind the counter, facing in the opposite direction, to watch television. At that moment, there was no picture on television and he saw the reflection of a man standing behind the counter. Hunter turned and saw the tall man was holding a pistol pointed at him. As a result, Hunter relinquished Fourteen or Fifteen Dollars to the man with the gun.
The short man who asked for the change remained on the other side of the counter, facing the pool tables, with his back to the counter, and with one hand in his coat pocket. After the robbery this man walked out of the back door first, followed by the tall man who kept looking backward until he exited through the back door.
The tall man who held the gun was identified by Hunter and witness Jones as Perry. On cross examination, Jones denied that he had told Detective Kanard he could not identify the man who held the gun. The short man was identified by Hunter and witness Jones as Rushin.
At the conclusion of the State's case in chief, and prior to presentation of the defendants' case, Perry asked the court to call *344 witness Kanard, a detective of the Jacksonville Sheriff's Office, as a court witness. The reasons for the request were: at the taking of his deposition, Kanard testified that witness Jones told him that he was unable to identify the man with the gun; on the day of the trial, after presentation of the State's case, Kanard appeared in response to a subpoena and informed defense counsel that he disclaimed his prior testimony and would deny that witness Jones told him he was unable to identify the man with the gun. The court announced that it would call Kanard as a court witness and allow counsel for both parties to cross examine him.
Kanard was then called out of the presence of the jury and a proffer of his testimony was made. At the proffer, Kanard testified that Jones told him he could identify the man with the gun; he admitted that at his deposition he testified that Jones told him he was unable to identify the man with the gun; he admitted that he did not recant his deposition testimony until the day of the trial, after presentation of the State's case, just before presentation of the defendant's case, when he informed defense counsel that he was confused at his deposition and would not testify as he did at that time. After the proffer, the court refused to call Kanard as a court witness.
Rushin moved for a judgment of acquittal on the ground that the State failed to prove a prima facie case of guilt on his part because the State failed to prove his intent to participate in the robbery. The court denied the motion.
Upon first reading the facts, one's first impression is that the court erred in refusing to call the witness, Kanard, as the court's witness. But upon reflection and on application of the existing law to the facts, it is readily apparent that the court did not err.
Perry wanted to establish as a substantive fact that Jones told Kanard he could not identify Perry. In order to do this, Perry would have been compelled to impeach his own witness, Kanard. Although impeachment of a party's witness is permitted where the witness surprises the party by failing to give the beneficial evidence expected of him, and becomes adverse by giving harmful evidence that is contrary to what was expected, the conflicting statement may not be used as substantive evidence. Pitts v. State, 333 So.2d 109 (Fla. 1st DCA 1976). Perry recognized this and made every effort to convince the court that it should call Kanard as the court's witness. Under the circumstances of this case, the court properly refused Perry's request. To have ruled otherwise, the court would have permitted Perry to get in through the back door that which he could not have gotten in through the front door.
The record reflects that the trial court was concerned with the actions of Kanard in changing his testimony. We also gathered from the record that the trial court intended to take such action as it could to forestall similar future situations. We agree with the court's concern and action.
The trial court did not err in denying Rushin's motion for judgment of acquittal. Rushin entered the poolroom through the back door immediately followed by Perry. While Perry relieved the victim of his money with the use of a pistol, Rushin faced the poolroom with his hand in his coat pocket. When Perry completed the robbery, Rushin immediately left the poolroom through the back door followed by Perry who kept looking backward. This evidence made a prima facie case of robbery on the part of Rushin which the jury resolved against him.
We affirm the judgments appealed.
McCORD, C.J., and BOYER, J., concur.