362 So.2d 689 (1978)
Julius Teddy DELANIE, Appellant,
v.
STATE of Florida, Appellee.
No. 78-123.
District Court of Appeal of Florida, Second District.
September 13, 1978.
Rehearing Denied September 27, 1978.
*690 Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Appellant was convicted of aggravated battery and culpable negligence. He contends that his conviction should be reversed because the State introduced no substantive evidence of his guilt. We agree and reverse.
On July 23, 1977, Lakeland Police Officers Morgan, Tallman and Boatner were dispatched to appellant's residence. On arriving they found Barbara Hall, appellant's girlfriend, sitting on the front porch bleeding from her left arm and from under her left eye. Ms. Hall told Officer Morgan that she had been struck by a grass sling blade swung by appellant when she raised her left arm in defense. When confronted by police at a neighbor's house, appellant admitted struggling over the blade and produced it for the officers. Appellant was then taken into custody.
At pre-trial deposition, Ms. Hall's description of the incident was different. On that occasion she testified that she had initiated the struggle over the blade because appellant had walked into their room with the blade and she feared that he was experiencing an epileptic seizure and she generally exonerated appellant.
Upon trial and at the urging of the prosecutor, the court called Ms. Hall as a court witness. This allowed the prosecutor to introduce evidence of the first version of the incident told by Ms. Hall to the Lakeland police for the purpose of impeaching her trial testimony, which also again exonerated appellant. Other than Ms. Hall's initial statement, no substantive evidence was introduced indicating appellant's guilt.
A trial judge can, in his discretion, call a person as a court witness where the witness' expected trial testimony is inconsistent with a prior statement. McCloud v. State, 335 So.2d 257 (Fla. 1976). The prior statement can then be used to diminish the credibility of the witness and otherwise impeach his testimony; but it may not be used as substantive evidence. Perry v. State, 356 So.2d 342 (Fla. 1st DCA 1978).
Nothing was introduced by the State which directly showed appellant to be guilty of the charges. This insufficiency of evidence in appellant's first trial precludes a new trial. He should therefore be discharged. Burks v. United States, 437 U.S. ___, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Greene v. Massey, 437 U.S. ___, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).
REVERSED and REMANDED with directions to discharge appellant.
GRIMES, C.J., and SCHEB, J., concur.