379 So.2d 996 (1980)
William J. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. NN-19/T1-40.
District Court of Appeal of Florida, Fifth District.
January 30, 1980.
Rehearing Denied February 21, 1980.
Margaret Good, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Charles A. Stampelos, Asst. Atty. Gen., Tallahassee, for appellee.
*997 SHARP, Judge.
The appellant was convicted of burglary of a dwelling and aggravated battery. He argues that the trial judge erred in denying his Motion for Judgment of Acquittal and New Trial because the evidence, which was primarily circumstantial, was not sufficient to convict him. We agree, reverse the conviction and order the appellant discharged.
The State proved that a burglary of the Stanton dwelling occurred on the night of September 22, 1978. When Mark Stanton returned home, he surprised an intruder in his house. The intruder shot Mark, and he heard someone yell "Let's go ____" (a nickname Mark cannot recall). Mark was unable to identify the appellant as the intruder who shot him, although he meets the general description given by Mark  a tall, black man, and he has a nickname, "Bobo". The State also established that Mark Stanton was shot with a .38 caliber pistol, which the appellant sold to Ephriam Campbell, the day after the burglary occurred. But, there were no latent prints of appellant on the gun or in the Stanton's house.
Reginald Smith, the brother of the appellant, gave the prosecution a statement that he and the appellant were involved in the robbery and that the appellant shot Mark Stanton. However, at the trial Reginald denied that he and the appellant had anything to do with the robbery and shooting. Reginald's prior inconsistent statement was used to impeach him, but it could not be considered as substantive evidence against the appellant. Delaine v. State, 362 So.2d 689 (Fla. 2d DCA 1978); Perry v. State, 356 So.2d 342 (Fla. 1st DCA 1978).
It has long been established in Florida that when the State relies on circumstantial evidence to convict an accused the evidence must be not only consistent with the defendant's guilt, but it must be inconsistent with any reasonable hypothesis of innocence. Williams v. State, 143 So.2d 484 (Fla. 1962); Davis v. State, 90 So.2d 629 (Fla. 1956). The circumstantial evidence in this case points to Reginald almost as strongly as the appellant and to neither with sufficient certainty to convict.
The conviction of the appellant is reversed, and this cause is remanded to the trial court with directions to discharge him. McArthur v. Nourse, 369 So.2d 578 (Fla. 1979); Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).
REVERSED AND REMANDED.
DAUKSCH, C.J., and COBB, J., concur.