436 So.2d 364 (1983)
Todd DIAMOND, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2168.
District Court of Appeal of Florida, Third District.
August 16, 1983.
*365 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
SCHWARTZ, Chief Judge.
Diamond was convicted of the possession of quaaludes and amphetamines which were found in the gear shift boot of an automobile he owned and in which he was a passenger but which was being driven by one Hengst when it was stopped by the police. His defense was that the drugs belonged to Hengst, who put them in the car and that he, Diamond, knew nothing about their presence. In fact, Hengst, who was not initially arrested, had consistently confirmed that this was the case both directly to Diamond's counsel and, of decisive significance here, in a written statement under oath taken by the state attorney. On that basis, Diamond obviously planned to use him as a witness for the defense. On the day before Diamond's scheduled trial, however, Hengst was himself arraigned on the charge and, on the advice of his newly appointed public defender, gave notice to the prosecutor and defense counsel that he was recanting the previous statements as untrue and that Diamond had indeed been aware of the drugs. When these developments were called to the trial court's attention, it ruled in limine over the defendant's vehement objections that, as held in Perry v. State, 356 So.2d 342 (Fla. 1st DCA 1978), cert. denied, 364 So.2d 889 (Fla. 1978), Hengst's prior now-inconsistent statement could be employed only for impeachment purposes, and that Diamond could not therefore call him as a defense witness in order to introduce the sworn exculpatory statement into evidence.[1] This ruling was reversibly erroneous.
While Perry correctly reflects the common law rule applicable when it was decided, the issue is now controlled by the Evidence Code, which became effective after the trial in Perry but before the present one. See In re Florida Evidence Code, 376 So.2d 1161 (Fla. 1979). Section 90.801, Florida Statutes (1981), provides in pertinent part:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(a) Inconsistent with his testimony and was given under oath subject to the penalty *366 of perjury at a trial, hearing, or other proceeding or in a deposition... .
There is no question that this provision effects a complete turnabout from the prior law exemplified by Perry, so that, contrary to the ruling below, Hengst's prior statement under oath is admissible as substantive evidence in the defendant's favor. State v. Moore, 424 So.2d 920 (Fla. 4th DCA 1982); Hills v. State, 428 So.2d 318 (Fla. 1st DCA 1983); Law Revision Council Note, 6C F.S.A. 238-39 (1976); see California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); see also, State v. Freber, 366 So.2d 426 (Fla. 1978).
Since, by its terms, Sec. 90.801(2)(a) is applicable only when the declarant "testifies at the trial ... and is subject to cross-examination," Diamond must be permitted to call Hengst to the stand during his case. When and if, as expected, Hengst testifies that the defendant had guilty knowledge of the drugs, Diamond may then introduce the sworn statement,[2] which is "[i]nconsistent with [that] testimony," under Sec. 90.801(2)(a). See, United States v. Coran, 589 F.2d 70 (1st Cir.1978); United States v. Mosley, 555 F.2d 191 (8th Cir.1977), cert. denied, 434 U.S. 851, 98 S.Ct. 163, 54 L.Ed.2d 120 (1977); United States v. Jordano, 521 F.2d 695 (2d Cir.1975).
For this reason, the judgment below is reversed for a new trial to be conducted in accordance with this opinion.
Reversed.
NOTES
[1] The prosecutor stated that he would not call him and did not do so.
[2] This process is consistent also with Sec. 90.608(2), Fla. Stat. (1981):

(2) A party calling a witness shall not be allowed to impeach his character as provided in s. 90.609 or s. 90.610, but, if the witness proves adverse, such party may contradict the witness by other evidence or may prove that the witness had made an inconsistent statement at another time, without regard to whether the party was surprised by the testimony of the witness. Leading questions may be used during any examination under this subsection. [e.s.]