462 So.2d 872 (1985)
James R. ENDRESS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2295.
District Court of Appeal of Florida, Second District.
January 30, 1985.
Rehearing Denied March 29, 1985.
Norman S. Cannella of Norman S. Cannella, P.A., Tampa, and Bennie Lazzara, *873 Jr., of Bennie Lazzara, Jr., P.A., Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant appeals his conviction of first degree murder and resulting sentence to life imprisonment without eligibility for parole for twenty-five years. We affirm.
Appellant raises three points on appeal. One of his points concern the scope of the testimony of an expert witness. A Dr. Miller, an associate Hillsborough County Medical Examiner, was called and qualified as a medical expert to establish the cause of death of the victim. His opinion was that death was by strangulation, caused by multiple injuries on the victim's neck. In addition, he offered his opinion as to the number of possible assailants and their relative strength compared to the victim. We conclude that the matters concerning which the expert testified were within his expertise. The trial court has broad discretion concerning the range of subject matter upon which experts may testify and absent clear showing of error, that exercise of discretion will not be disturbed on appeal. Johnson v. State, 393 So.2d 1069 (Fla. 1980).
Another of appellant's points also rests largely within the trial court's discretion. That point dealt with the trial court, at the state's request, calling a witness favorable to the state as the court's witness. The witness's trial testimony was expected to contradict previous statements given to defense counsel. It was within the trial court's discretion, under those circumstances, to call the witness as the court's witness. McCloud v. State, 335 So.2d 257 (Fla. 1976); Delanie v. State, 362 So.2d 689 (Fla. 2d DCA 1978).
Appellant's remaining point concerns the trial court's refusal to suppress certain of his statements made subsequent to his arrest. While there are cases which fall on both sides of the issue of suppression under somewhat similar circumstances, we feel that the circumstances of this case clearly support the trial court's refusal to suppress.
Appellant was arrested at approximately 7:15 a.m., on October 28, 1981, for a homicide that had occurred at a motel within the city limits of Tampa on October 13, 1981. At the time of the homicide, appellant was a resident of the motel. Appellant is an adult male. Prior to his arrest, his father had requested that the Tampa police not question appellant until the father could talk with him at the Tampa Police Department. The arresting officers honored the father's request. They also advised appellant of his constitutional rights at the time of his arrest and he indicated he understood those rights. Later, appellant was booked into the Hillsborough County Jail on a charge of first degree murder. The homicide investigation continued to be within the jurisdiction of the Tampa Police Department, even though appellant was booked into the Hillsborough County Jail in the custody of the Hillsborough County Sheriff.
After being booked into the Hillsborough County Jail, a Detective Hunt with the sheriff's office, noticed on a booking slip that appellant was in jail on the charge of first degree murder. Detective Hunt had been good friends with appellant and his family for better than ten years. They were active members of the same church. After seeing the booking slip, Detective Hunt sought permission for a personal visit with appellant to inquire of his well-being.
Detective Hunt had not been in communication with any law enforcement agencies connected with the homicide. The key point is that he did not interrogate appellant concerning the crime for which he was charged. He visited with him twice. On one or both occasions, appellant voluntarily told Detective Hunt about purchasing a "street gun" at another person's request and keeping a portion of the money furnished for the purchase. When Detective Hunt realized appellant might be telling him something about the crime, he advised him *874 not to talk about it. He did not advise him of his constitutional rights because he did not interrogate him and did not want to be involved in the criminal investigation.
This court has held that even under circumstances where there is the equivalent of an interrogation, it is not necessary to readvise a defendant of constitutional rights where there has been such advice previously given and understood. State v. Williams, 386 So.2d 27 (Fla. 2d DCA 1980). We conclude from the record before us, however, that Detective Hunt's visits with appellant did not rise to the level of interrogation. Halliwell v. State, 323 So.2d 557 (Fla. 1975); Ashley v. State, 265 So.2d 685 (Fla. 1972); Spikes v. State, 405 So.2d 430 (Fla. 3d DCA 1981). The statements voluntarily made to him were therefore admissible.
Finding no error in regard to any of appellant's three points on appeal, we affirm.
LEHAN, J., and PACK, R. WALLACE, Associate Judge, concur.