NIMMONS, Judge.
Kirkland appeals from a conviction and sentence for burglary with assault under Section 810.02(2)(a), Florida Statutes (1985). Kirkland claims error in the trial court’s allowing into evidence the sworn statement given to a police officer by the victim, the appellant’s girlfriend.
The evidence at trial showed that Officer Donaldson of the Graceville Police Department was present at the victim’s apartment on the afternoon of November 5, heard the victim “holler” at appellant to leave the area, and thereafter told appellant to leave and stay away from “her property”.
A few hours later, Officers Skinner and Pitts arrived at the victim’s apartment in response to a call indicating that the victim had been beaten. Skinner, who observed appellant leaving the area, was told by Ms. Bass’ daughter, Misty, that appellant had forced his way through the front door and into her mother’s bedroom. The officers observed that the front door had been “snatched” from its splintered frame, that the bedroom door was also damaged, and that the apartment was in disarray as though someone had thrown a temper tantrum. Officer Pitts discovered the victim in her bedroom “beaten about the face” and in a “semi-comatose state.” She told Pitts that appellant had beaten her. Pitts accompanied the victim to the hospital. Although the victim indicated that she wished to sign a complaint against appellant, Officer Pitts felt she was then “too groggy to know what she was doing.”
On the following day, Officer Pitts visited the victim at the hospital, accompanied by Officer Donaldson. They found her to be alert and coherent. Officer Pitts, based upon his earlier discussion with the victim, had typed up a statement on a complaint form prepared for the victim’s signature. He explained to the victim the purpose of a sworn complaint. He told her that were she to execute the complaint he would take it to the State Attorney’s office and an arrest warrant would be obtained for appellant’s arrest. After indicating that she still wished to sign a complaint and stating that the facts set forth in the complaint were accurate, Officer Pitts, who is also a notary public, placed the victim under oath and the victim signed the complaint.
At trial, when the victim was called by the state to testify, she denied remembering the facts as set forth in the complaint and was declared an adverse witness pursuant to Section 90.608(2), Florida Statutes. Subsequently, over defense objection, her sworn complaint was received in evidence for impeachment purposes and as substantive evidence under Section 90.801(2)(a). The jury found appellant guilty as charged.
Appellant asserts that the complaint was inadmissible as substantive evidence under Section 90.801(2)(a). That Section provides:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing *833 and is subject to cross-examination concerning the statement and the statement is:
(a) Inconsistent with his testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition....
The issue presented is whether it can be said that the complaint was executed in an “other proceeding” within the meaning of the above section. The statement clearly meets the section’s other criteria. The Third District has adopted a “bright line” approach in holding that “no process of police questioning ... can qualify as a 90.-801(2)(a) ‘proceeding.’ ” Delgado-Santos v. State, 471 So.2d 74 (Fla. 3d DCA 1985). In Delgado-Santos, Ortiz, the declarant of the statement in issue, was one of two murder suspects. After the 16 year-old Ortiz had been taken into custody and subjected to a lengthy police interrogation, he stated under oath, through an interpreter, that, although he had participated in the robbery, Delgado-Santos was the actual perpetrator of the stabbing. However, prior to the trial, declarant/Ortiz stated he would not testify against Delgado-Santos. At trial, after Ortiz testified that he committed the robbery and murder entirely on his own, the state was allowed, over objection, to introduce Ortiz’ sworn statement as substantive evidence of Delgado-Santos’ guilt.
Obviously, the environment that spawned suspect Ortiz’ statement in Delgado-Santos was far different from that which existed in the instant case. The contrasting circumstances suggest to us that the bright line test adopted by the Third District, although temptingly attractive for its ease of application, may be unduly restrictive.
Of some significance to us is the fact that Section 90.801(2)(a)’s phrase “other proceeding” is not expressly restricted by such modifiers as “official” or “formal.” For example, the legislature has distinguished between penury in an official proceeding (Section 837.02) and perjury when not in an official proceeding (Section 837.-012) and has defined the term “official proceeding.” [1] We would also note that it is clear from the statutory language of Sections 90.801(2)(a) and the above perjury sections that the sworn statement, in order to qualify for admissibility under 90.801(2)(a), may be given in other than an official proceeding.
We are not prepared to say that a sworn complaint made by a victim of a crime for the express purpose of initiating criminal prosecution must be executed before a state attorney (such as in Diamond v. State, 436 So.2d 364 (Fla. 3d DCA 1983)), or magistrate in order to qualify under Section 90.801(2)(a). Indeed, it was because of the severity of the victim’s injuries suffered at the hands of the appellant that she was, as a practical matter, prevented from personally appearing before the state attorney or magistrate and thus the necessity of the notary/officer’s personal visit to the victim’s hospital room for the purpose of obtaining her sworn complaint, the victim fully understanding when she executed the complaint that such would be the basis upon which an arrest warrant would issue and prosecution would commence.[2]
*834 This issue has also been addressed by the Fifth District in Robinson v. State, 455 So.2d 481 (Fla. 5th DCA 1984). Although Robinson held that the police questioning out of which the sworn statement of appellant’s accomplice was given did not qualify as a Section 90.801(2)(a) “other proceeding,” the Court, unlike the Third District’s bright line approach, declined to rule out the possibility that some sworn statements may still qualify under Section 90.801(2) even though they may have been elicited by a police officer.[3]
Appellant also asserts that, even if the victim’s sworn statement was admissible under Section 90.801(2)(a), reversal is nevertheless required by the holding in State v. Moore, 485 So.2d 1279 (Fla.1986). We disagree. There, the Court held that a prior inconsistent statement under the above section is insufficient to sustain a conviction where such statement was the only substantive evidence of guilt. Unlike Moore, the sworn statement of the victim was not the sole evidence of the appellant’s guilt.
AFFIRMED.
THOMPSON, J., concurs.
JOANOS, J., dissents with opinion.

. Section 837.011(1), Florida Statutes (1985) defines "official proceeding" thusly:
(1) "Official proceeding" means a proceeding heard, or which may be or is required to be heard, before any legislative, judicial, administrative, or other governmental agency or official authorized to take evidence under oath, including any referee, master in chancery, hearing examiner, commissioner, notary, or other person taking testimony or a deposition in connection with any such proceeding.
Note that under the above section, even a proceeding before a notary may qualify as an official proceeding.

. The sworn complaint was subsequently presented to a magistrate who issued a warrant for appellant’s arrest. This is consistent with Fla.R.Cr.P. 3.120:
Rule 3.120. Committing Magistrate
Each state and county judge is a committing magistrate and may issue a summons to, or a warrant for the arrest of, a person against whom a complaint is made in writing and sworn to before a person authorized to administer oaths, when the complaint states facts which show that such person violated a criminal law of this State within the jurisdiction of the magistrate to whom the complaint is presented. The magistrate may take testi *834 mony under oath to determine if there is reasonable ground to believe the complaint is true. The magistrate may commit the offender to jail, may order the defendant to appear before the proper court to answer the charge in the complaint, or may discharge him from custody or from any undertaking to appear. The magistrate may authorize the clerk to issue a summons.

. The Third District’s opinion in Delgado-Santos referred to the Robinson case and expressly disagreed with the Fifth District’s approach, preferring instead the bright line rule excluding all police produced statements. We note that Delgado-Santos is pending in the Florida Supreme Court in State v. Delgado-Santos, Case No. 67,-419, it having been orally argued in June 1986.