ON MOTION FOR REHEARING
NIMMONS, Judge.
Subsequent to the issuance of our opinion, 495 So.2d 831, the Florida Supreme Court issued its opinion in State v. Delgado-Santos, 497 So.2d 1199 (Fla.1986), the pendency of which case was noted at footnote three of our opinion.
In Delgado-Santos, the Supreme Court held that a “police interrogation” was not intended to be an “other proceeding” within the meaning of Section 90.801(2)(a), Florida Statutes. We do not believe that the Supreme Court intended that its holding disqualify the kind of statement given in the instant case; i.e. a sworn statement given by an assault victim in her hospital room to a police officer/notary public for the purpose of securing a warrant and instituting prosecution under Fla.R.Cr.P. 3.120.
We believe that our October 6 opinion sufficiently explicates the rationale for our distinction between (1) the above-referred process which was relied upon to secure the sworn complaint from Kirkland’s victim and (2) the police interrogation of Delgado-Santos’ accomplice which produced the accomplice’s statement deflecting the blame for the stabbing from him onto Delgado-Santos.
Accordingly, we deny the appellant’s Motion for Rehearing.
THOMPSON, J., concurs.
JOANOS, J., dissents without opinion.