ORFINGER, Judge.
Deborah Smith appeals her conviction for manslaughter and possession of a weapon during the commission of a felony. We reverse for a new trial.
The prosecution called as one of its witnesses a nine year old girl, Tamequa (Tiki) Cutliff, the appellant’s niece. When this witness claimed she did not remember or did not know the answer to certain key questions she had previously testified to in her pretrial deposition, the trial court granted the State’s request to declare her an adverse witness and allowed the State to impeach her by use of her pretrial deposition. Although the trial court ultimately declared that the deposition could be used only for impeachment, any use of it under the facts here was error. The witness did not testify to any facts prejudicial to the State, but merely failed to give the testimony which was expected of her.
As the supreme court noted in the case of Jackson v. State, 451 So.2d 458 (Fla.1984):
The impeachment permitted by the statute is only in cases where the witness proves adverse to the party producing him. He must not only fail to give the beneficial evidence expected of him, but he must become adverse by giving evidence that is prejudicial to the cause of *282 the party producing him. When a party’s witness surprises him by not only failing to testify to the facts expected of him, but by giving harmful evidence that is contrary to what was expected, then, as is the purpose of this law, he is permitted to counteract the prejudicial effect of the adverse testimony of such witness, by proving that he has made statements on other occasions that are inconsistent with his present adverse evidence. It never was the purpose of this statute to allow a party to put up a witness for the purpose of endeavoring to get from him beneficial evidence, and upon his simple failure to testify to the desired facts, to permit him to get the benefit of those expected facts, as substantive evidence through the mouth of another witness, under the guise of impeachment. [Emphasis added].
Id. at 462 (quoting Adams v. State, 34 Fla. 185, 195-96, 15 So. 905, 908 (1894)). See also Segars v. State, 537 So.2d 1052 (Fla. 3d DCA 1989); C. Ehrhardt, Florida Evidence § 608.2 at 301-302 (2d ed. 1984) (“It is necessary that when witness’ testimony is introduced ... it actually harms the case of the party calling the witness. If the witness does not remember a fact when he testifies, the witness is not adverse and may not be impeached. In the eyes of the jury, the testimony has not affirmatively harmed the case of the party calling him.”).
The State’s reliance on Brumbley v. State, 453 So.2d 381 (Fla.1984) is misplaced. In Brumbley, the court recognized the principle established in Jackson, supra, but found it not to apply because the witness gave affirmative testimony prejudicial to the State which had called him as a witness. Expecting the witness to testify that Brumbley had shot and killed the victim as he had testified pretrial, the witness testified instead that Brumbley had left and that he, the witness, had shot the victim. That unexpected testimony was harmful to the state’s case against Brumbley, and it was thus proper for the trial court to declare the witness adverse and allow the state to impeach him with his prior contradictory testimony. Those are not the facts here, where the witness testified only that she did not know or could not remember. Neither can we say that the error is harmless under the principles of State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Under the guise of impeachment, the jury was permitted to hear testimony which it very well could have considered substantively. Thus, there is a reasonable probability that the error in admitting this testimony affected the verdict.
Finally, Smith argues that the trial court erred in denying her motion for judgment of acquittal, claiming that the only evidence to rebut her self defense testimony was the improperly admitted impeachment testimony. We disagree. Even without this testimony, the State presented sufficient evidence to withstand the motion for a judgment of acquittal. State v. Henderson, 521 So.2d 1113 (Fla.1988); Brown v. State, 454 So.2d 596 (Fla. 5th DCA), review denied, 461 So.2d 116 (Fla.1984). Therefore, this motion was properly denied.
The judgment of conviction is reversed, and the cause is remanded for a new trial.
REVERSED and REMANDED.
COWART and GOSHORN, JJ., concur.