WOLF, Judge.
McCoy appeals from his convictions for armed robbery, attempted first degree murder of a law enforcement officer, and aggravated assault with a firearm on a law enforcement officer. He raises a number of points on appeal, only one of which has merit and needs to be discussed herein. That issue relates to the admission of the deposition testimony of Officer Campbell. We agree with appellant that under the unique circumstances of the instant case, the appellant should have been allowed to question the witness concerning his prior inconsistent deposition testimony and failure to allow appellant’s attorney to do so requires us to reverse the convictions.
The incident which led to appellant’s arrest occurred on October 26, 1988. Officers Givins and Campbell of the Jacksonville Police Department were working in an undercover drug operation. The two officers picked up a black male who offered to take them to where they could purchase cocaine. The officers drove this individual to a street corner in the city. At this destination, the first male got out of the car and another black male got in. While driving, the officers and this man talked. When the vehicle arrived at Maquaid Street, the passenger got out of the car. About a minute later, a black male came to the car on the right-hand side and stated that they had the stuff. (“They” referred to a group of black males who were standing at Maquaid Street when the officers arrived). The black male who approached the car said that one of the officers would have to get out. Givins got out of the car and began walking toward the group of men. The officer then observed another black male standing alone on the sidewalk watching him. Givins asked this man where the dope was, and the man pointed toward the group. This individual noticed that Givins had a gun and took the officer’s gun from him. Givins ran back to the car. The officers then quickly drove away. As they were leaving, the same individual who took the officer’s gun, fired a number of shots at the car. The confrontation with the shooter occurred at night under street light, and took one or two minutes.
The critical issue in this case concerns the identities of (1) the man who drove to Maquaid Street with the officers; and (2) the man who came to the car and told the officers they would have to get out to purchase drugs, and whether either of these men could have been the man who shot the gun at the officers.
Givins identified the person who took his gun and fired the shots as the appellant, McCoy. The other evidence of identification of the shooter is inconclusive.[1]
*183 Givins testified that the man who approached the car was not the person who took his gun and fired the shots, and he was not sure if the man who came to the car was the same person who had been in the back seat.[2]
Officer Campbell, testifying as a defense witness, stated the man who rode in the back seat of the car to Maquaid Street was the same man who came to the car and told one of the officers to get out. When the defense attorney asked Officer Campbell whether this man was McCoy, Campbell stated that he did not know. The identity of this passenger was critical in light of Givins’ statement that the person who came to the car was not the same one who fired the gun at the officer, and Campbell’s testimony that the passenger was the person who approached the car.
After Campbell stated that he did not know who the passenger was, the defense asked the judge to declare Campbell an adverse witness. This request was based upon inconsistent testimony given by Officer Campbell at his deposition which identified McCoy as the passenger. The judge declined to do so. The defense also asked the trial judge to use his discretion to declare Campbell to be a court witness. The judge refused.
In two previous trials of the appellant, the state called Officer Campbell as a witness. The defense, therefore, had an opportunity to impeach Officer Campbell with his deposition. In both cases, the jury was unable to reach a verdict. During this trial, however, the state did not call Officer Campbell; instead he was called by the defense and, thus, based on the judge’s ruling, the jury in the instant case was never allowed to hear about prior statements under oath which would appear to identify McCoy as the party who rode to the Maquaid Street location with the officers.
During the deposition in question, Officer Campbell had stated in several places that McCoy was the individual in the back of the car when they arrived at the scene of the incident. Campbell stated that he recognized the man who got in the car as someone he had seen before. In the deposition, Officer Campbell also related what happened when this man got out of the car. According to the deposition, McCoy was the person in the back of the car who got out and then returned and told one of the officers to get out. Of McCoy, Campbell said:
“[H]e went around there and talked to somebody and then he came back to the side of the car that Detective Givins was on and told him he had to get out and come around here.”
At the first trial of appellant, Campbell testified for the state and stated that he did not know if the person in the back of the car was McCoy. The defense asked him if he recalled making a statement in the deposition which identified McCoy as. the passenger, and he said if the deposition transcript said that, he must have said it. On redirect, Campbell stated that he did not know if the person in the courtroom, the defendant, had ever been in the back of the car. On recross, Campbell stated that if he had stated in deposition that McCoy was in the back of the car, then he misunderstood the question. Much the same dialogue took place at the second trial.
In the instant case, the defense never attempted to admit the deposition into evidence. The defense did, however, proffer testimony of Officer Campbell, which was substantially similar to the testimony given at the two previous trials.
On appeal the issue before us is as follows:
Whether the defendant’s opportunity to present a defense was unconstitutionally *184 restricted by the trial court’s refusal to allow the defense to impeach Officer Campbell by use of his prior inconsistent deposition testimony.
In Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), the court held that in certain limited circumstances mechanical application of the rules of evidence may defeat the ends of justice and result in the denial of fundamental due process. Id. at 302, 93 S.Ct. at 1049. The defendant asserts that the trial court’s failure to allow the defense to call Detective Campbell as an adverse witness and impeach him through the use of prior inconsistent statements resulted in such a denial of his constitutional rights.
In determining the legitimacy of the defendant’s complaint, we must examine the following points:
1. Whether the trial court properly refused to declare Officer Campbell to be an adverse or court witness, thereby, not allowing the defense to impeach the witness through the use of prior inconsistent statements.
2. Whether the trial court’s refusal to allow the defendant to introduce the prior inconsistent statements resulted in a denial of due process under the unique circumstances involved in the instant case.
A party may only impeach its own witness under very limited circumstances. Kingery v. State, 523 So.2d 1199 (Fla. 1st DCA 1988). Impeachment through prior inconsistent statements is only allowed where the witness has proven to be adverse. § 90.608(2), Fla.Stat. (1989); Austin v. State, 461 So.2d 1380 (Fla. 1st DCA 1984).
The test for adversity was stated succinctly by this court in Austin:
In order to be regarded as adverse under this section the witness .must give testimony prejudicial to the party calling him. The fact that he simply fails to give testimony expected of him and that the testimony was not as beneficial as a prior statement is not sufficient.
Id. at 1383. See also Jackson v. State, 451 So.2d 458 (Fla.1984); Kingery v. State, 523 So.2d 1199 (Fla. 1st DCA 1988).
In Jackson, supra, the supreme court indicated that a witness saying he was confused or having “lapses of memory” was not “affirmatively harmful” and could not be the basis for declaring a witness to be adverse. Id. at 463. In Smith v. State, 547 So.2d 281 (Fla. 5th DCA 1989), the court stated that a witness who merely states that he “did not know” or “did not remember” was not a basis for declaring a witness to be adverse. Accord Austin v. State, supra. Further, if a witness does not meet the criteria for adversity, it is not error for the court to refuse to call a person as a court’s witness since such a procedure would be allowing a party “to get through the backdoor what he could not have gotten through the front door.” Perry v. State, 356 So.2d 342, 344 (Fla. 1st DCA 1978).[3]
In the instant case, the officer testified that he did not know if the man in the back of the car was McCoy. Said testimony, standing alone, was not prejudicial to the defense and, therefore, it did not appear to be a valid basis for declaring the witness to be adverse or to require the court to call the officer as a court’s witness. See Austin, supra, and Perry, supra.
In Perry v. State, 356 So.2d 342 (Fla. 1st DCA 1978), a similar recantation of prior deposition testimony by a police officer who also stated he was confused at the time of the deposition was held to be an insufficient basis for requiring the court to call the officer as its own witness where the proffered trial testimony of the officer, *185 while not as beneficial as the deposition testimony, was not prejudicial to the defense. While Perry at first glance would seem to be controlling precedent, there are at least four significant differences between the instant case and Perry:
1. In the instant case, the disputed testimony concerns the officer’s own observations rather than discussions with a third party.
2. In the instant case, the disputed prior testimony was introduced in two previous trials where the jury failed to reach a verdict, thereby, indicating the importance of the disputed evidence.
3. In Perry, the challenged testimony tended to discredit the identification by one of the state’s witnesses and did not affirmatively prove the defendant’s innocence. In the instant case, the previous testimony of Officer Campbell, when read in conjunction with Officer Givens’, would indicate that McCoy could not have been guilty of the crime charged.
4. At the time Perry was decided, the prior inconsistent statements could not have been introduced as substantive evidence, but only for impeachment purposes. Under section 90.801(2)(a), Florida Statutes (1989), the prior inconsistent statement, if admitted, could have been used as substantive evidence.[4]
These four differences together with other factors unique to this case indicate that the failure to allow the jury to consider the prior deposition testimony deprived the defendant of a fair trial. In Chambers v. Mississippi, supra, the court ruled under the facts of that case that exclusion of a prior statement by a third party as a result of mechanical application of the state’s evi-dentiary rules which did not allow a party to cross-examine their own witness resulted in a denial of due process and required reversal of the conviction. While Chambers did not indicate that the constitutional rights of accused would require a wholesale disruption of evidentiary codes, it did indicate that in very limited circumstances, fundamental fairness would override the state’s interest in the orderly presentation of evidence. The instant case is one where there are numerous significant factors which require that the prior statements of Officer Campbell be admitted:
1. The witness is an agent of the state (a police officer);
2. He has previously testified under oath;
3. He personally observed the matters to which he testified;
4. The disputed testimony, when read in conjunction with the testimony of another police officer, provides positive evidence which would exculpate the defendant.
5. There is only one witness who identifies the defendant as the perpetrator of the crime;
6. The witness saw the perpetrator for a limited amount of time at night;
7. There is no other evidence which would directly identify the defendant as the perpetrator;[5]
8. There are certain discrepancies in the identification (e.g., scar under defendant’s eye);
9. The evidence at issue was presented in two previous trials where the state *186 had called Officer Campbell as a wit-' ness;
10. In the two previous trials, the jury was unable to reach a verdict.
Under these facts, we find that fundamental fairness requires that the defendant be allowed to introduce the prior inconsistent statements.[6] We, therefore, reverse the judgment of conviction and remand for a new trial.
MINER, J., and WENTWORTH, Senior Judge, concur.

. Givins described the clothes that the shooter was wearing. The night of the shooting, clothes like those described by Givins were found in the area near the shooting. McCoy was later required to try on the clothes. There is some dispute as to whether the clothes fit McCoy, and the clothes were never directly tied to the appellant.
Givins further testified that he did not see any scars on the face of the person who took his *183 gun. On the day of trial, the appellant had a scar under his right eye.

. Givins testified that there was a person from the group who told the shooter not to kill Giv-ins. On cross-examination, Givins stated that the person who told the shooter not to kill Givins was possibly the one who came to the window of the car originally to tell one of the officers to get out. Upon having his memory refreshed by reading his prior deposition testimony, Givins said that he believed it to be the same person, though it could have been one of the other men. He was not certain.

. In London v. State, 541 So.2d 119 (Fla. 4th DCA 1989), rev. denied, 547 So.2d 1211 (Fla.1989), the court ruled that it was not improper for the court to allow impeachment by prior inconsistent statement of a woman who claimed to be an eyewitness to a crime and now claims she did not see anything because the testimony was at least arguably prejudicial to the state’s case. This court in Mazzara v. State, 437 So.2d 716 (Fla. 1st DCA 1983), held that the state could impeach a witness who had confessed to being hired to commit a murder by the defendant and at trial, denied any involvement with the defendant.

. It is not totally clear that § 90.801(2)(a) would independently justify the admission of a prior inconsistent statement by a party calling a witness. Parnell v. State, 500 So.2d 558 (Fla. 4th DCA 1986), rev. denied, 509 So.2d 1119 (Fla.1987), and Kingery v. State, 523 So.2d 1199, 1204 (Fla. 1st DCA 1988), indicate that such a statement is inadmissible for substantive purposes. However, Moore v. State, 452 So.2d 559 (Fla.1984), Webb v. State, 426 So.2d 1033 (Fla. 5th DCA 1983), and Earhardt, Florida Evidence, § 801.7 at 449 (2d ed. 1984), seem to indicate that the party calling the witness may introduce the statement pursuant to the statute. We do not address that issue as we find an independent basis for admission, and in the instant case, the defense never offered the deposition as substantive evidence.

. The clothes which were found were not directly connected to the defendant, although there was evidence that they fit the defendant. There was also a fingerprint from the defendant found on the back of the car. This evidence, however, would be consistent with the defense theory that he was the passenger in the vehicle.

. If any of the enumerated factors were not present in the instant case, the state’s interest in seeing that the evidence code be enforced may have mandated an affirmance.