652 So.2d 485 (1995)
Albert SANTIAGO, Appellant,
v.
STATE of Florida, Appellee.
No. 94-868.
District Court of Appeal of Florida, Fifth District.
March 24, 1995.
*486 James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wesley Heidt, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Santiago appeals his convictions for attempted second degree murder and sexual battery. Because there was insufficient evidence to convict the defendant on either charge, we reverse the convictions and remand for discharge.
The prosecution for attempted murder was predicated upon the original version of a choking incident given to the police by the victim, Ms. Oquendo,[1] immediately after the incident. Prior to trial she recanted her original statement in regard to the nature of the choking and the events surrounding it, as well as her statement in regard to the alleged sexual battery. At trial, she testified that Santiago had briefly choked her in self-defense after she hit him with a broomstick and while she was choking him. The state's medical expert testified that bruises on Oquendo's neck were suggestive of her having been choked, but he was unable to say for how long or how hard she had been choked, and the choking could have lasted for only a few seconds.
In other words, the only evidence offered by the state to substantiate the charge of attempted murder against Santiago was the prior inconsistent statement by its own witness, Oquendo, and that is not enough. State v. Moore, 485 So.2d 1279 (Fla. 1986); Smith v. State, 379 So.2d 996 (Fla. 5th DCA), cert. denied, 386 So.2d 642 (Fla. 1980). As we stated in Smith, such prior inconsistent statements may be used for impeachment but cannot be considered as substantive evidence against a defendant. Smith 379 So.2d at 997.
Likewise, the only evidence of a sexual battery was Oquendo's since recanted statement that the defendant had forced her to have sex. This prior inconsistent statement is inadequate to sustain the conviction. See, e.g., Moore.
While unnecessary to our disposition of this case, we additionally observe for the benefit of bench and bar that an error was committed in seating a juror against whom the defense had interposed a peremptory *487 challenge. The prospective juror, Ms. Stone, had informed the court during voir dire that she worked for a law firm as a certified paralegal. Defense counsel exercised a peremptory challenge but the state asserted that the defense was simply attempting to exclude women from the jury. Defense counsel countered that she did not want someone on the jury with a strong legal background who could dominate the other jurors. Counsel pointed out that she had in fact struck a male lawyer for the same reason Stone was being challenged. The court, however, rejected the challenge and ordered that Stone be seated as a juror.
The reason offered by the defense for the peremptory challenge was a legitimate, nondiscriminatory one and it was error for the trial court to overrule the challenge. See Wimberly v. State, 599 So.2d 715 (Fla. 3d DCA 1992). A person with formal legal training is generally presumed to have analytical and forensic abilities that a lay person does not possess and thus could have a disproportionate influence on the deliberations. This status constituted a legitimate, "gender neutral" reason for the peremptory challenge. See, e.g., Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA 1995).
REVERSED AND REMANDED FOR DISCHARGE OF THE DEFENDANT.
PETERSON, J., concurs.
GRIFFIN, J., concurs in part, dissents in part, with opinion.
GRIFFIN, Judge, concurring in part; dissenting in part.
I agree the evidence will not support the sexual battery conviction. Although a close question, I think the evidence is sufficient to sustain the attempted second degree murder conviction under the Moore test. I also do not believe the lower court's ruling on the peremptory challenge issue should be second-guessed on this record.
NOTES
[1] At the time of trial, Ms. Oquendo had become Mrs. Santiago, the defendant's wife.