PER CURIAM.
Tyrone Joyce appeals from judgments of conviction and sentences for aggravated assault, shooting into a dwelling, and criminal mischief. For the following reasons, we reverse.
Joyce was charged with various offenses relating to a drive-by shooting. The State obtained sworn deposition testimony from two witnesses who stated that they had seen Joyce commit the crime. However, during trial those two witnesses recanted their prior testimony, and, when called by the State, denied that the defendant had fired the shots. The State impeached the witnesses with their prior testimony. That impeachment evidence was the only evidence that Joyce had committed the crime. The trial court denied defendant’s motion for a judgment of acquittal; the jury returned a verdict of guilty.
The trial court erred in denying the defendant’s motion for judgment of acquittal, as the evidence was insufficient to prove that defendant had committed the crimes charged. As a matter of law, “in a criminal prosecution a prior inconsistent statement standing alone is insufficient to prove guilt beyond a reasonable doubt.” State v. Moore, 485 So.2d 1279, 1281 (Fla.1986); see also Santiago v. State, 652 So.2d 485, 486 (Fla. 5th DCA 1995) (prior inconsistent statements by State’s own witness may be used for impeachment but cannot be considered as substantive evidence against defendant).
Reversed.