NIMMONS, Judge.
This is an appeal from the circuit court’s denial of the defendant’s 3.850 motion in which the defendant alleged that he was denied effective assistance of his privately-employed attorney by reason of an alleged conflict resulting from the attorney’s representation at trial of both this defendant and a co-defendant. We affirm.
After the defendant’s attorney[1] filed the 3.850 motion, the circuit court granted the defendant an evidentiary hearing. The only evidence presented on behalf of the defendant was his own testimony. The state called as its sole witness the attorney who had represented the defendant at trial. The testimony of both witnesses was quite brief.
Essentially, the defendant testified that he and his co-defendant employed trial counsel to represent them and that counsel neither advised him about a possible conflict of interest nor informed him that it would be best for the defendant to employ separate counsel. The trial attorney testified that he was employed to represent both defendants for trial and that he never encountered a conflict in representing the two defendants. He did say that, just as in any case where he was involved in dual representation, he had a conversation early in the case with his law partners concerning the possibility of a conflict but determined that there was no conflict. He said that he did not recall having any conversation with the defendant about a possible conflict. After the close of the evidence, the judge[2] granted the request of the mov-ant’s attorney to submit a memorandum of law.
In the order denying the motion, the court observed that movant’s counsel relied in his legal memorandum upon testimony and proceedings purportedly presented at the trial of the case. The order properly noted that no portion of the trial proceedings was offered into evidence by the mov-ant without which evidence it was impossible for the court to assess the effectiveness of the movant’s representation at trial. This appeal followed.
The lower court was correct in denying the motion. Indeed, in the absence of a transcript of the trial proceedings, or material portions thereof, it would have been sheer speculation for the lower court to have concluded that the defendant was denied effective assistance of counsel by reason of his attorney’s dual representation. The burden was on the defendant to prove the allegations of his 3.850 motion. *428 The lower court granted him an evidentiary hearing, and he was given every opportunity to present any and all evidence necessary to prove the grounds asserted. Nevertheless, as the transcript of the motion hearing clearly shows, no proffer was made of any portion of the trial proceedings by submitting transcripts into evidence, requesting the court to take judicial notice of them (assuming that such transcripts were even available to the lower court for judicial notice), or otherwise.[3]
Appellant having failed to carry his burden of proving the allegations of his 3.850 motion, the motion was correctly denied and we, therefore, AFFIRM.
SHIVERS and WENTWORTH, JJ., concur.

. Although represented at trial by private counsel, the defendant was represented in the 3.850 proceeding by the public defender.

. Judge Miner, who presided at the 3.850 proceedings, was not the judge who presided at the trial.

. The appellant filed a motion with this court seeking to supplement the record on appeal with a transcript of the evidentiary hearing on his 3.850 motion. His motion to supplement also sought leave to rely upon the record of the trial proceedings contained in his earlier direct appeal which this court disposed of by per cu-riam affirmance on May 6, 1981, 399 So.2d 1153. The motion to supplement was handled administratively by the clerk of this court and an order issued granting the motion within two days after its filing, thus not having given the appellee time to register objection. Since the entry of the order granting the motion to supplement, the appellee has voiced strong opposition to the appellant’s reliance in this court upon a trial transcript no part of which was ever offered in evidence in the lower court in connection with the subject proceeding. The appellee is, of course, quite correct. It would be patently improper for this court to consider evidence which was not introduced for consideration in the lower court proceeding. Accordingly, the order previously entered herein granting appellant the right to rely upon the record from his previous appeal is vacated and such motion is hereby denied.