FERGUSON, Judge.
Two arguments are advanced by the defendant as grounds for granting him a new trial on a conviction for third-degree felony *963 murder: (1) the trial court erred in admitting as substantive evidence a statement of a codefendant, which had been obtained by the police in a post-arrest custodial interrogation, inconsistent with the codefendant’s trial testimony; and (2) the trial court committed fundamental error in failing to instruct the jury on the elements of sale or delivery of marijuana, the offense alleged in the information as the felony underlying the charge of third-degree felony murder.
Kirkland, a codefendant called as a state witness, gave testimony at trial which was consistent with the defendant’s trial testimony. The prosecutor then questioned Kirkland regarding inconsistent statements made in a post-arrest interrogation which implicated the defendant. Kirkland admitted giving the statements to the police but claimed that the statements were untrue. Over the defendant’s objection, the statements made in the post-arrest interrogation were admitted as substantive evidence.
We agree with the defendant that our opinion in Delgado-Santos v. State, 471 So.2d 74 (Fla. 3d DCA 1985), approved, 497 So.2d 1199 (Fla.1986), is controlling, and we reverse. The rule is generally that a statement made by a codefendant during police custodial interrogation, inconsistent with his testimony at trial, cannot be introduced as substantive evidence at a trial of the defendant. The basic rule is codified in the Florida Evidence Code, section 90.804(2)(c), Florida Statutes (1985).
The exception to the general rule is that a statement of a codefendant given pretrial, which is inconsistent with his trial testimony, may be admitted as substantive evidence where the statement was given under oath in a formal proceeding, subject to the penalty of perjury. § 90.801(2)(a), Fla.Stat. (1985). A police questioning, however, is not a formal proceeding. Delgado-Santos, 497 So.2d 1199 (Fla.1986).
Kirkland’s post-arrest statement was crucial in that it established that the homicide occurred during a marijuana transaction which transaction was the sole underpinning of the third-degree felony murder charge.
It is unnecessary to examine the second issue, but since the case must be retried on the first issue, we caution that the jury should be fully instructed on the elements of the underlying felony, as charged.
Reversed and remanded for a new trial.