PER CURIAM.
These appeals present a unique procedural problem. The appellant, and one Taylor, were convicted of first degree murder and attempted armed robbery. Appeals of these convictions were taken to this court wherein the attempted armed robbery conviction was set aside. See Dobson v. State, 434 So.2d 332 (Fla. 3d DCA 1983). No attacks on the first degree murder convictions were made in this earlier proceeding. The cause recurred in the trial court on Dobson’s motion filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure, which, following an evidentiary hearing, was denied. An appeal was taken therefrom to this court and filed under clerk’s file number 87-620. Subsequently the appellant filed a petition for habeas corpus in this court seeking a belated appeal of the original homicide conviction urging that he had received no review of same in the original appellate proceeding. This was lodged in this court under 88-2775. The court granted a belated appeal and consolidated the two proceedings.
The state urges that this court improvidently granted a second appeal of the original conviction. Citing Hargrave v. State, 388 So.2d 1021 (Fla.1980), we would agree with the state and dismiss the belated appeal at this time, but* for the fact that no attack on the homicide conviction was made in the earlier case, and no motion to withdraw with notice to the defendants and opportunity to file a memorandum pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), was presented. We think a defendant convicted of first degree murder and serving a life sentence is entitled to some review of his conviction. This might be reached through an argument directed to ineffectiveness of appellate counsel by a petition for habeas corpus filed in this court, but we believe because of the peculiar circumstances of this case, and procedural posture, that we can address the issue for the first time in this proceeding.
Turning to the issue urged, which is the introduction of a codefendant’s confession, even though the law has changed, we are required to determine the matter in accordance with the law as it presently exists. Wheeler v. State, 344 So.2d 244 (Fla.1977); Junco v. State, 510 So.2d 909 (Fla. 3d DCA 1987). The two defendants in this case both gave substantially the same statements to the authorities, except each at the conclusion of their statements, claimed that the other pulled the trigger on the gun while committing an attempted robbery of the victim. Dobson testified and repudiated his statement. Taylor did not testify. Under the recent case of Cruz v. New York, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987), this might constitute error. Therefore, we must determine whether or not under the facts of this case that error prejudiced the defendant or whether the error was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Section 924.33 Florida Statutes (1987). The defendant’s confession in and of itself showed that he was guilty of first degree felony murder, therefore the admission of *1049 Taylor’s confession is not harmful to the defendant’s case. See and compare Damon v. State, 397 So.2d 1224, 1226 (Fla. 3d DCA 1981); Andrews v. State, 372 So.2d 143 (Fla. 3d DCA 1979). An examination of the record herein reveals ample evidence to support the conviction and to conclusively show that the error complained of was, at most, harmless. See and compare Grossman v. State, 525 So.2d 833 (Fla. 1988); Damon v. State, supra; Andrews v. State, supra; Section 924.33, Florida Statutes (1987).
Turning to the order denying the 3.850 motion, the motion itself contains a number of grounds, many of which could be repudiated by the record itself. The trial court conducted an evidentiary hearing on the motion. Counsel for the movant chose solely to present evidence that went to the question of trial counsel’s failure to call alibi witnesses. At the conclusion of the movant’s case, his counsel indicated he had nothing further to offer. At the conclusion of all the evidence, the trial court took the matter under consideration and agreed to review portions of the trial transcript. Thereafter it entered an order denying the motion. The appellant urges that the trial court erred in finding an abandonment of the other grounds of the motion (other than that relating to alibi.) We find no merit in this argument for several reasons. First, it is incumbent upon the movant to offer evidence to support the grounds raised, which evidence was dehors the record. Stewart v. State, 459 So.2d 426 (Fla. 1st DCA 1984); State v. Gomez, 363 So.2d 624 (Fla. 3d DCA 1978). Secondly, trial counsel indicated he did not desire to pursue the other grounds and third, an examination of the record refutes those grounds raised in the motion that urged matters which were not dehors the record.
Therefore, for the reasons above stated, the conviction of first degree murder is affirmed and the denial of the 3.850 motion is affirmed.