PER CURIAM.
Godfrey Era appeals from a judgment of conviction for first degree murder with-a firearm, armed robbery with a firearm, and possession of a firearm while engaged in a criminal offense. We affirm.
Era and a codefendant, Valenci Williams, were jointly tried for an armed robbery that resulted in the victim’s death. In statements following their arrests, each defendant implicated the other in the robbery. Era unsuccessfully sought a severance, arguing that the risk of prejudice from a joint trial during which Williams’ statement would be introduced entitled him to a separate trial. During trial, Era renewed his motion to sever. Williams testified at trial and disavowed his confession. Williams’ custodial statement was admitted at trial over Era’s objection. Era did not testify, but his confession was admitted through the arresting officer’s testimony.
We agree with defendant that the trial court erred in admitting Williams’ custodial statement as substantive evidence against Era. “The rule is generally that a statement made by a codefendant during police custodial interrogation, inconsistent with his testimony at trial, cannot be introduced as substantive evidence at a trial of the defendant.” Gillis v. State, 518 So.2d 962, 963 (Fla. 3d DCA 1988). However, that error was harmless in light of Era’s own confession to police.[1] See Dobson v. State, 542 So.2d 1047, 1048-1049 (Fla. 3d DCA 1989) (although admission of codefendant’s confession was error, error was harmless, as “[T]he defendant’s confession in and of itself showed that he was guilty of first degree felony murder.”).
We find no merit in the remaining points on appeal.
AFFIRMED.

. Era moved to suppress his confession before trial. Following an evidentiary hearing, the trial court denied his motion. Defendant did not appeal the denial of his motion to suppress.