593 So.2d 1189 (1992)
Valenci WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1510.
District Court of Appeal of Florida, Third District.
February 18, 1992.
Bennett H. Brummer, Public Defender, and Elliott H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and GERSTEN, JJ.
PER CURIAM.
Valenci Williams appeals his conviction for first-degree murder. His primary contention is that the court committed reversible error in admitting, as substantive evidence against Williams, a codefendant's custodial statement where the codefendant was not subject to cross-examination. We agree and reverse.
Williams and codefendant Godfrey Era were tried together for the armed robbery and murder of Juan Silva.[1] Introduced as evidence at trial were the post-arrest inculpatory statements given by Williams and Era in which each implicated the other in the crime. The trial court refused Williams's request for severance. Williams testified at trial and disavowed his post-arrest statement. Era did not testify. Williams moved for a mistrial, arguing that the introduction of the nontestifying codefendant's statement violated the Confrontation Clause of the Sixth Amendment. That motion was denied. Williams then requested a special instruction that the codefendants' custodial statements should be considered only against the defendant who made the statement. The court denied the requested instruction, ruling that the statements by Williams and Era were admissible against both defendants.
*1190 The general rule is that a custodial statement made by a codefendant, inconsistent with his testimony at trial, cannot be used as substantive evidence in the defendant's trial. Gillis v. State, 518 So.2d 962, 963 (Fla. 3d DCA 1988). The court's ruling that Era's custodial statement was admissible against Williams was particularly egregious in this case because the introduction of the nontestifying codefendant's statement violated Williams's right of confrontation under the Sixth Amendment. Cruz v. New York, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987); Nelson v. State, 490 So.2d 32 (Fla. 1986). Era's incriminating statement was a key component in the State's effort to discredit Williams. The error prejudiced the defendant's case and constituted reversible error.
Because we are remanding this case for a new trial, we need to address two other issues raised by appellant.
First, the trial court erred in refusing to allow defense counsel to cross-examine the lead investigator regarding unavailable witnesses where the State opened the door to the line of questioning on direct examination. Steinhorst v. State, 412 So.2d 332 (Fla. 1982).
Second, the argument made by the prosecutor in closing regarding the instructions on lesser-included offenses, that "In some vein, hopefully you will feel sorry for [defendant] and disobey the law and find [him] guilty of some lesser-charge," was patently improper. The instructions were proper, see State v. Wimberly, 498 So.2d 929, 932 (Fla. 1986) (recognizing the jury's right to exercise its "pardon power" by convicting on a lesser-included offense), and were given without objection by the State. A prosecutor may not indulge in attacks upon the person of an accused or his valid defense. See Rosso v. State, 505 So.2d 611 (Fla. 3d DCA 1987); Jackson v. State, 421 So.2d 15 (Fla. 3d DCA 1982).
Reversed and remanded for a new trial.
NOTES
[1] We affirmed Era's conviction for first-degree murder. Era v. State, 590 So.2d 1122 (Fla. 3d DCA 1991).