ON MOTION FOR REHEARING
PER CURIAM.
The victim in this case, the defendant’s pregnant lover, suffered multiple scarring injuries including a black eye, lacerations to the face, wrists and arms, bruises on the chest and breast, cigarette burns on both thighs, and carvings which formed words on both thighs.
Coloma was charged by information with six counts of aggravated battery as follows: Count III — aggravated battery (with a cigarette); Count IV — aggravated battery (with pliers and/or a wrench); Count V — aggravated battery (multiple bruising and lacerations while pregnant); Count VI — aggravated battery (with a scalpel on the leg); Count VII — aggravated battery (with a scalpel on the leg); and Count VIII — aggravated battery (with a scalpel on the leg). He contends in this appeal from convictions on all six counts that (1) the victim’s injuries were self-inflicted, and (2) he should have been convicted of only one offense because all of the incidents described in the charging document were part of a single episode.
The evidence in this case — exclusive of an inadmissible prior statement given to the prosecutor by the victim — consisted of the defendant’s confession, the victim’s statements to doctors during the course of treatment which indicated that the injuries were inflicted on different dates, and the doctors’ description of the wounds as being caused by different instruments.
The State concedes, correctly, that the victim’s prior statement, which was inconsistent with her in-court testimony, should not have been admitted as substantive evidence. See Gillis v. State, 518 So.2d 962 (Fla. 3d DCA 1988). Nevertheless, it contends, the out-of-court statement was mostly cumulative to evidence already clearly established in the record and was therefore nonprejudicial, citing State v. Smith, 573 So.2d 306 (Fla.1990). The State also con *484 cedes, quite correctly, that without the inadmissible testimony, there is no evidence that counts VI and VII, charging aggravated battery by use of scalpel on the legs, are separate and distinct offenses.
Otherwise, there is an abundance of evidence in support of the jury’s findings that the different wounds caused by cigarette burns to the legs, lacerations to the breasts caused by pliers, and carvings on the legs caused by a scalpel, were inflicted by Colo-nia, and were not part of the “same act”. See Dudley v. State, 545 So.2d 857 (Fla.1989); Rogers v. State, 511 So.2d 526 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 783, 98 L.Ed.2d 681 (1988); Salter v. State, 500 So.2d 184 (Fla. 1st DCA 1986). Five counts of the six-count information were established as separate criminal episodes by evidence independent of the victim’s inadmissible prior statement.
Reversed as to the conviction on count VII; affirmed as to the convictions on the remaining five counts; and remanded for further consistent proceedings.