613 So.2d 916 (1993)
Ernesto B. VALDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 92-0076.
District Court of Appeal of Florida, Fourth District.
January 13, 1993.
On Motion for Rehearing and Clarification March 3, 1993.
*917 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged by information with (1) aggravated assault on a law enforcement officer, (2) resisting arrest with violence, (3) battery on a law enforcement officer, (4) possession of cocaine, and (5) possession of drug paraphernalia.
The jury found appellant guilty of the lesser included offense of assault on a law enforcement officer on count one and guilty as charged on counts two through five. The trial court sentenced appellant to time served on counts one and five, and to four and one-half year terms of imprisonment on the remaining counts, each to run concurrently. The instant appeal followed.
Appellant raises two bases for reversal, one of which we conclude to be reversible and worthy of discussion. Defense counsel objected to three separate statements made by the prosecutor during closing argument. First, the prosecutor stated:
Well, all right, he is guilty on the cocaine, but let's not presume on the other he is guilty on all of the other charges by what he did endangering the officers, endangering himself, police. What really what stands between us and anarchy 
(Emphasis added). Defense counsel objected, asserting that the prosecutor's statement was "inflammatory." The trial court overruled counsel's objection. Later, the prosecutor continued:
And [defense counsel] comes up here and says, well, you know, he is guilty of the cocaine. He is guilty, but don't find him guilty of any other charges.
Why do you think he is doing that? I don't mean to insult your intelligence, it's a much lesser penalty if you only convict him on one charge as opposed to the other. He is hoping to cut his losses.

(Emphasis added). Defense counsel objected, alleging that "penalties are not allowed to be discussed." The trial court overruled counsel's objection. Finally, the prosecutor stated:
And where the dog was, and, again, it is not a major thing, but it just bugs me that the defense really doesn't give you an accurate story. I have to get up and do it.
(Emphasis added). Defense counsel again objected, stating that the "prosecutor can't attack [him]." The trial court again overruled the objection. The trial court subsequently denied appellant's motion for mistrial.
Given the totality of the circumstances, the trial court erred in denying appellant's motion for mistrial. The three statements, taken together, require a reversal. See Redish v. State, 525 So.2d 928 (Fla. 1st *918 DCA 1988). With the exception of the cocaine related charges, the instant case basically came down to a swearing match between the police officers and appellant. The jury was forced to choose between two competing versions of the "truth." Consequently, the state has not met its burden of demonstrating that the improper comments did not affect the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Appellant correctly maintains that the prosecutor's first comment that the police stand between "us and anarchy" improperly focused the jury's attention on matters outside the record. See Russell v. State, 233 So.2d 154 (Fla. 4th DCA 1970). Appellant also argues that by stating that he was "hoping to cut his losses" by acknowledging guilt on the cocaine charges, the prosecutor improperly commented on possible criminal penalties. See Williams v. State, 593 So.2d 1189, 1190 (Fla. 3d DCA 1992) (prosecutor's argument that the jurors would be disobeying the law if they felt sorry for the defendant and found him guilty of some lesser charge was "patently improper"). Appellant finally contends that by arguing to the jurors that "the defense" failed to give them an "accurate story" the prosecutor improperly attacked the credibility of defense counsel. See Briggs v. State, 455 So.2d 519 (Fla. 1st DCA 1984) (it is both improper and unethical for either the prosecutor or defense counsel to attack the personal integrity and credibility of opposing counsel).
Assuming that the third statement is clearly the least onerous of the three made by the prosecutor, the second goes somewhat over the line and the first statement is the proverbial straw which breaks the camel's back.
GLICKSTEIN, C.J., and ANSTEAD and WARNER, JJ., concur.

ON MOTION FOR REHEARING AND CLARIFICATION
PER CURIAM.
We deny the motion for rehearing but grant the motion for clarification because our opinion should have more clearly expressed our intention.
While the prosecutorial misconduct mandated the reversal of appellant's convictions for assault on a law enforcement officer, battery on a law enforcement officer, and resisting arrest with violence, it did not affect his convictions for possession of cocaine and possession of drug paraphernalia. Accordingly, we affirm the convictions for possession of cocaine and possession of drug paraphernalia; reverse the convictions for assault on a law enforcement officer, resisting arrest with violence, and battery on a law enforcement officer; and remand for new trial on those three charges.
GLICKSTEIN, C.J., and ANSTEAD and WARNER, JJ., concur.