LAMBERT, J.,
concurring and concurring specially.
I concur with the majority opinion that because claim six of Lamb’s motion was facially insufficient, she should be given at *121 least one opportunity to correct any deficiencies. Assuming that Lamb is able to amend her motion and the postconviction court thereafter sets an evidentiary hearing on the amended motion, the burden will be on Lamb at the hearing to present evidence necessary to prove her allegations and that she is entitled to postconviction relief, based upon the ineffective assistance of her counsel. See Stewart v. State, 459 So.2d 426, 427 (Fla. 1st DCA 1984); Fla. R. Crim. P. 3.850(f)(8)(B). I frankly question why any trial counsel, especially one as experienced as Lamb’s trial counsel, would “promise” a defendant that he or she would be acquitted at trial and, therefore, should reject a very favorable plea offer from the State, especially when the client is facing a mandatory life sentence in prison if convicted of first-degree murder. Nevertheless, it is for the trial judge to consider the testimony of Lamb, her trial counsel, and, for that matter, any other witness at the evidentiary hearing and make credibility determinations and findings of fact regarding the existence of this alleged promise. See Shere v. State, 742 So.2d 215, 218 n. 8 (Fla.1999) (stating that the role of the trial judge in a post-conviction motion evidentiary hearing is to make credibility determinations and findings of fact); Moore v. State, 458 So.2d 61 (Fla. 3d DCA 1984) (recognizing that at a rule 3.850 evidentiary hearing the trial court is entitled to reject the defendant’s testimony in favor of the conflicting testimony of trial counsel).